## Excelsior Stove and Manufacturing Company, Appellee, v. Peter Venturelli, Appellant.

### Gen. No. 9,198.

Opinion filed May 18, 1937.

T. E. WHITE and C. B. CHAPMAN, both of Ottawa, for appellant.

BUTTERS & BUTTERS and JOHN A. BERRY, all of Ottawa, for appellee.

MR. JUSTICE DOVE delivered the opinion of the court.

On August 11, 1932, the defendant below, appellant in this court, being then engaged in the retail hardware business at Oglesby, Illinois, was indebted to the plaintiff below, appellee here, in the sum of $423.90 for stoves theretofore purchased by him from the plaintiff. The plaintiff is a manufacturer of stoves, having its place of business in Quincy, Illinois. Evidencing such indebtedness the defendant executed and delivered to the plaintiff his promissory note for that amount due February 11, 1933. Said note was a judg-

ment note and bore interest at the rate of six per cent after maturity. On September 15, 1932, the defendant, without the knowledge, consent or request of the plaintiff, shipped by freight eight stoves which he had theretofore, in 1930 and 1931, purchased from the plaintiff to the plaintiff at Quincy. On the same day the stoves were shipped to the plaintiff, the defendant wrote the president of the plaintiff company, stating that he hoped he would pardon him for taking the liberty of returning the eight stoves, that the amount which the defendant paid the plaintiff for these eight stoves was more than the amount of the defendant's note, which the plaintiff then held, and requesting the plaintiff to return the note to him as soon as the stoves were received. The defendant gave as his reason for returning the stoves the fact that one of the cement mills located at Oglesby had closed down, that the men were out of work and he didn't wish the plaintiff to be compelled to wait for its money any longer and expressed the hope that his action in returning the stoves would meet with the approval and satisfaction of the plaintiff. The bill of lading issued by the railroad company on September 15, 1932, disclosed that the total value of the stoves returned amounted to $426, as fixed by the defendant. The stoves arrived in Quincy on September 23, 1932, and the company paid the freight thereon, uncrated them and placed them in their stock. On March 4, 1933, an itemized credit memorandum in the sum of $301.16 was mailed by the plaintiff to the defendant and the note credited with $290.27, the difference being credited to the defendant upon his open account.

On April 29, 1935, judgment by confession, upon the note of August 11, 1932, was rendered by the circuit court of LaSalle county in favor of the plaintiff for $143. This judgment was subsequently opened up upon motion of the defendant and an answer was filed

in which the defendant admitted the original indebtedness by him to the plaintiff and the execution of the note sued on and alleged that at the time he executed the same it was with the express understanding that he would have the right to return to the plaintiff any unsold merchandise which he had purchased of the plaintiff and that the plaintiff would accept the same and credit the defendant's note with the full amount charged the plaintiff for such merchandise at the time of its purchase. After the issues were made up, a trial was had before the court, a jury being waived, resulting in a finding for the plaintiff and an order was entered vacating the previous order opening up the judgment and ordering that the original judgment rendered on April 29, 1935, be restored and stand as the judgment of the court. From this order defendant appeals.

Counsel for appellant insists that as the evidence discloses that at the time appellant returned the stoves to appellee in September, 1932, he wrote appellee requesting the return of his note and that as appellee received the stoves and placed them in its stock, but did not communicate with appellant until the following March it must be held that by so doing appellee accepted the returned merchandise in full payment of appellant's obligation. We are unable to agree with this contention. The letter of appellant, written appellee at that time, did not indicate that appellant then understood that he had any agreement with appellee to return the stoves and be credited with their purchase price. He began his letter by stating that he hoped appellee would pardon him for taking the liberty of returning the gas ranges, but that due to business conditions it was the only means he had of paying appellee. This letter indicated appellant was desirous of thus discharging his obligation, but there is no evidence in this record that discloses that at the time the

stoves were purchased any such arrangement had been entered into by the parties. And under all the circumstances, we are of the opinion appellee was clearly within its rights when it uncrated the stoves, took proper care of them and subsequently credited appellant's note with the reasonable value thereof. The evidence is that the stoves had been in appellant's place of business since they were purchased two or three years before they were returned, that during that time the gas circulator had been used, appellant testifying it had been hooked up for a week. The evidence is further that the legs on four of the stoves were scratched and all the stoves were shop worn and the receiving clerk of appellee testified that the shelf, oven door and manifold bracket on three of the stoves were chipped and that something was wrong with all of them. It is true that as a general rule an unpaid seller of goods loses his lien when he parts with possession of the goods to the vendee; however, in this case, appellant after receiving the stoves and keeping them for years wrongfully returned them to appellee. His letter indicated he did not want them and appellant so testified. Under these circumstances we do not believe that appellee was obliged to accept these goods in full satisfaction of appellant's note or else decline to receive them, but it, appellee, had the right to receive the goods and thus prevent further loss or damage to the merchandise.

In support of appellant's contention, counsel call our attention to the cases of *Smith v. Ainsworth*, 64 Ill. App. 157, and *Whitney, Inc. v. Mandel*, 218 Ill. App. 316. We have examined these cases. In the *Whitney* case the plaintiff brought suit to recover the purchase price of a dress which defendant had purchased of the plaintiff and which the plaintiff sold and delivered to the defendant. The defense interposed was that the dress was not properly manufactured.

It appeared that the defendant kept the garment for a full month and the court held that the retention of the garment for that length of time without attempting to return it or notify plaintiff that it was unsatisfactory constituted acceptance thereof. In the *Smith* case, *supra,* it was held that after a buyer of fish had done an act which he would have no right to do except as the owner of the fish, then he had no right to subsequently reject the fish. The facts in these cases are clearly distinguishable from the facts in the instant case. In both the *Whitney* and *Smith* cases there was a valid and binding contract of sale entered into between the parties. Here appellee made no contract to repurchase the stoves theretofore sold by it to appellant or to accept the same when returned in satisfaction of appellant's note. Certainly it does not follow that because appellee received the merchandise at its plant and paid the freight thereon and did not promptly communicate to appellant its intention not to accept the same in full discharge of appellant's obligation, that appellant's obligation on his note is satisfied. Appellant voluntarily and without any request from appellee or any contract that permitted him to do so returned the stoves to appellee. By so doing he could not place any obligation upon appellee. "The mere fact that a person to whom an offer to buy or sell goods is made fails to reply thereto and reject the offer, ordinarily, cannot be taken as an acceptance of the offer, even though the offer states that silence will be taken as consent. . . . So, also, where goods are delivered, as under a sale, but without an authorized order therefor, the goods may be either accepted or rejected by the buyer; and until accepted, they remain the property of the seller and the mere fact that the person to whom the goods have been delivered fails to notify the sender that he will not buy does not constitute such an acceptance as will convert the transaction

into a contract of sale, unless, by reason of the circumstances, such as the course of dealing between the parties, it is the duty of the buyer to notify the seller if he intends to refuse to accept the goods." 55 C. J. 95, 96. In the instant case there is no evidence that there had been a course of dealing between the parties from which appellant could be said to have relied upon the silence of appellee as constituting an acceptance of his offer. There is no evidence that appellant prior to September 15, 1932, ever returned to appellee any merchandise.

Counsel for appellant finally insist that the final order entered by the court on September 11, 1936, was erroneous. We do not think so. This order vacated the order of July 1, 1935, opening up the judgment theretofore rendered by confession on April 29, 1935, and ordered that that judgment stand as the judgment of the court. "Where a judgment by confession has been opened up and a trial had, and the issues are found for the plaintiff, the proper practice is to restore the judgment by confession and not to enter an independent judgment. *Shinner v. Raschke,* 213 Ill. App. 324; *Morris v. Taylor,* 199 Ill. App. 588; *Cervenka v. Hunter,* 185 Ill. App. 547." *Bowers v. Heflebower,* 243 Ill. App. 129, at page 137. See also *Northeastern Coal Co. v. Tyrrell,* 133 Ill. App. 472.

The judgment of the circuit court of LaSalle county is affirmed.

*Judgment affirmed.*

Mr. Justice Wolfe took no part in the consideration or determination of this case.