Bank of Broadway, an Illinois Banking Corporation, Plaintiff-Appellant, v. Noel Goldblatt, Defendant-Appellee.

Gen. No. 52,510.

First District, Third Division.

December 12, 1968.

Leo Waxman and Edward G. Green, of Chicago, for appellant.

Roy J. Golson, of Chicago (Harry Zaidenberg and Harry G. Fins, of counsel), for appellee, First National Bank of Lincolnwood.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Appellant Bank of Broadway (Broadway) obtained a judgment by confession against Noel Goldblatt on May 4, 1967, for $5,309.39. Broadway thereafter caused citations to discover assets to be issued against Goldblatt, the Cosmopolitan National Bank of Chicago (Cosmopolitan) and the First National Bank of Lincolnwood (Lincolnwood). The citation against Cosmopolitan was dismissed on June 9, 1967, and no appeal is taken from that order. As to Lincolnwood, it appears that Goldblatt owned the beneficial interest in a land trust known as Trust No. 16156, in which Cosmopolitan was trustee. On October 21, 1966, Goldblatt assigned his interest to Lincolnwood and that assignment was accepted by Cosmopolitan on October 25, 1966. Broadway now seeks to invalidate the assignment to Lincolnwood on the ground that Lincolnwood had not filed a financing statement, as required by the Uniform Commercial Code, and hence those assets may be subject to payment of Goldblatt's indebtedness to it (Broadway). Ill Rev Stats, c 26, § 9–302 (1967). The trial court held against Broadway and dismissed the citations against both Goldblatt and Lincolnwood on June 29, 1967.

On appeal Broadway contends that Goldblatt's assignment to Lincolnwood of his interest in the land trust was only as additional security for a preexisting loan; that to perfect such a security interest a Uniform Commercial Code financing statement must be filed with the Secretary of State in Springfield and that since no such statement was filed by Lincolnwood, Broadway by virtue of its citation to discover assets has a superior right to Goldblatt's beneficial interest in the land trust.

Goldblatt testified at the citation proceedings that the corpus of the land trust is a nine-room house and lot and that he assigned his beneficial interest in the trust to Lincolnwood on October 21, 1966. He testified that the assignment was made to give Lincolnwood additional security on a prior loan, that Lincolnwood collected no rent after the assignment, and that he continued to make mortgage payments after the assignment. Since the date of the assignment Marian Riola, one of Goldblatt's employees, has been living in the house but paying no rent. It was said to be "part of the salary."

Saul Binder, representing Lincolnwood which had been directed to produce certain records at the citation proceeding, testified that he did not have any of the records concerning Goldblatt's assignment to Lincolnwood and did not know whether a financing statement had been filed. The court continued the case and ordered Lincolnwood to return the following week with all the records relating to any interest Goldblatt might have in Trust No. 16156. The following week Roy J. Golson, an attorney representing Lincolnwood, was examined as an adverse witness by counsel for Broadway. Following is his testimony:

WAXMAN: "You are responding to the citation on behalf of the First National Bank?" (Lincolnwood).

245

GOLSON: "Only to present to you the information that was given to me."

. . . . . .

Q. "Counsel, does the bank have a Uniform Code statement?"

A. "I do not know."

Q. "Counsel, do you have the records [file] of the bank here?"

A. "I have the records which I presented at this—before this point."

Q. "Do these records contain a Uniform Code statement?"

A. "I didn't present one. I don't have any in my file."

Broadway first contends that the assignment to Lincolnwood of the beneficial interest in the land trust was as additional security for a prior existing debt and not as a sale. Goldblatt's uncontradicted testimony was that he made the assignment as additional security on a debt. The fact that his employee continued to live in the house and that he (Goldblatt) continued to make the mortgage payments tends to support Broadway's contention that the assignment was not an outright sale.

Broadway next contends that Lincolnwood failed to perfect its security interest in the beneficial interest in the land trust, as required by the Uniform Commercial Code, and as a result, the attachment and lien created by the citation to discover assets stands ahead of the Lincolnwood interest. Lincolnwood contends that the Uniform Commercial Code does not require that a financing statement be filed to perfect a security interest in the assignment of the beneficial interest in a land trust and that Broadway is not a "lien creditor" under the Code. It also contends that Broadway did not prove that Lincolnwood failed to file a financing statement.

In Levine v. Pascal, 94 Ill App2d 43, 236 NE2d 425, it was held that a creditor who proceeds by a citation to discover assets is a lien creditor as defined in section 9–301(3) of the Uniform Commercial Code and that such creditor has a superior right to the beneficial interest in a land trust over a creditor who was assigned a beneficial interest in the trust as security for a loan but who failed to file a financing statement covering that interest. The court held that the beneficial interest in a land trust is not an instrument, as Lincolnwood contends, but rather that it is a "General Intangible," as defined in section 9–106 of the Code. A "General Intangible" is a special type of personal property and to perfect a security interest in it, one must file a financing statement with the Secretary of State. (Ill Rev Stats, c 26, § 9–302, 1967.)

Levine v. Pascal, supra, differs in one important aspect from the case at bar. In Levine the parties stipulated to the fact that no financing statement had ever been filed, but in the instant case that fact is at issue. The only evidence adduced with respect thereto was the testimony of Golson, the attorney for Lincolnwood. From a reading of the abstract of record it would appear that Golson did not know whether a financing statement had been filed or not. However a reading of his answer that he did not have such a statement in his file, taken in the context of the entire record, yields a different conclusion. A week earlier in the same citation proceedings another representative of Lincolnwood was unable to answer Broadway's question regarding the filing of a financing statement for the assignment of Goldblatt's interest in Trust No. 16156 and the court ordered Lincolnwood to return the following week with everything it might have with reference to Trust No. 16156. Golson testified as the representative of Lincolnwood the following week when he stated that his file did not contain a financing state-

247

ment. It would appear from this that no financing statement was ever filed or that Lincolnwood had not complied with the order of court to produce its records of such statement. Under those circumstances the course of the trial court was clear. It should have directed Lincolnwood to reveal precisely what was the true answer to the inquiry as to whether it had filed a financing statement pursuant to the Uniform Commercial Code. If no statement was filed, judgment should have been entered against it.

The judgment accordingly is reversed and the cause is remanded for the purpose of determining from Lincolnwood whether it had filed a financing statement, as required by the Uniform Commercial Code, and for such other and further proceedings as are not inconsistent with the views herein expressed.

Judgment reversed and cause remanded with directions.

DEMPSEY, P. J. and SULLIVAN, J., concur.