**Donald L. ASHER and Garrett Vandenburgh, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 76 C 792.**

United States District Court, N. D. Illinois, E. D.

Dec. 20, 1976.

William J. Wise, Coles & Wise, Ltd., Stephen C. Bruner, Chicago, Ill., for plaintiffs.

Samuel K. Skinner, U. S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION

FLAUM, District Judge:

The present case requires this court to delve into the vagaries surrounding the "choateness" of state-created liens for the purpose of determining the priority between such a lien and a federal tax lien. The sole issue for decision in plaintiffs' motion for summary judgment is: Does section 6323 of the Internal Revenue Code of 1954, 26 U.S.C. § 6323, *as amended*, give plaintiffs' judgment lien priority over the defendant's tax lien as to a certain bank account owned by the Wente Company?

The material facts are undisputed: On December 10, 1974, plaintiffs secured a judgment in the Circuit Court of Cook County against Wente Company (Wente) in the amount of $83,193.75. Plaintiffs commenced execution on their judgment and on December 12, 1974, a writ of execution was issued and delivered by plaintiffs to the sheriff of Cook County, Illinois. Defendant, on January 15, 1975, recorded with the recorder of deeds a notice of federal tax lien on all real and personal property owned by Wente. Finally, on January 23, 1975, the clerk of the Circuit Court of Cook Coun-

ty issued a citation to discover assets directed to Wente and plaintiffs proceeded to enforce their judgment. Thus, the notice of the federal tax lien was made after the writ of execution was delivered to the sheriff, but before the issuance of the citation to discover assets.

■ As stated above, 26 U.S.C. § 6323, *as amended*, controls the disposition of this suit. Section 6323 provides:

The lien imposed by section 6321 [the federal tax lien] shall not be valid as against any . . . judgment lien creditor until notice thereof . . . has been filed by the Secretary or his delegate.

*Id.* Thus, section 6323 codifies the common law rule that "as against a recorded federal tax lien, the relative priority of a state lien is determined by the rule 'first in time is first in right' . . . ." *United States v. Equitable Life Assur. Soc'y*, 384 U.S. 323, 327, 86 S.Ct. 1561, 1564, 16 L.Ed.2d 593 (1966). It is plaintiffs' position that as of December 12, 1974 they were judgment lien creditors of Wente's bank account, and that therefore their interest is prior and superior to the federal tax lien filed in January of 1975. The Government argues, however, that plaintiffs were not "judgment lien creditors" within the meaning of section 6323 until after January 15, 1975, and that therefore its federal tax lien has priority to Wente's bank account.

■ To resolve the question of priorities under section 6323, the Supreme Court has stated that federal law controls. "The effect of a lien in relation to a provision of federal law for the collection of debts owing the United States is always a federal question." *United States v. Security Trust & Savings Bank*, 340 U.S. 47, 49, 71 S.Ct. 111, 113, 95 L.Ed. 53 (1950); *see also United States v. Equitable Life Assur. Soc'y, supra*, 384 U.S. at 328, 86 S.Ct. 1561; *United States v. Pioneer American Ins. Co.*, 374 U.S. 84, 88, 83 S.Ct. 1651, 10 L.Ed.2d 770 (1963). Although it is true that states can grant liens to judgment creditors as to a debtor's property for state purposes, before such liens are granted priority over federal

tax liens under section 6323, the lien must meet the federal test of "choateness." *United States v. Pioneer American Ins. Co., supra* at 88, 83 S.Ct. at 1655. As the Court has stated, only "[c]hoate state-created liens take priority over later federal tax liens . . . while inchoate liens do not." *Id.* Thus, to determine whether plaintiffs have a superior right to the Wente bank account, a two pronged analysis must be employed. First, the court must determine if the state's law, in this case Illinois, grants a lien to the judgment creditor for state law purposes. Second, the court must decide if the state-created lien is "choate," in a federal sense, prior to the filing of the notice of federal tax lien so as to be afforded a priority over the federal tax lien under section 6323.

### 1. Illinois Law.

■ It is clear that under Illinois law, a judgment creditor is granted a lien as to the debtor's property. Illinois judgment creditors are granted a lien as to the debtor's real property upon entry of the judgment. Ill.Rev.Stat. ch. 77, § 1. However, judgment creditors in Illinois only obtain a lien as to the personal property of the debtor upon delivery to the sheriff of a writ of execution. *Id.* § 9; *Rock Island Plow Co. v. Reardon*, 222 U.S. 354, 364, 32 S.Ct. 164, 56 L.Ed. 231 (1912); *Century Pipe & Supply Co. v. Empire Factors Corp.*, 19 Ill.App.2d 165, 169, 153 N.E.2d 298, 300 (1958).

■ While this statement of Illinois law appears determinative of plaintiffs' rights to Wente's bank account, which is considered personal property, Illinois law has a slight quirk. Under Illinois law, "intangible" personal property (which includes bank accounts) can not be levied upon by way of a writ of execution. Rather, in order for the judgment creditor to obtain the debtor's intangible personal property, the creditor must proceed by way of a citation to discover assets proceeding as delineated by Ill.Rev.Stat. ch. 110, § 73.[1] Not-

withstanding the need for this supplemental proceeding to satisfy the judgment, the Illinois courts have held that for state law purposes, such as priorities between judgment liens and security interests, the judgment creditor obtains a lien on the debtor's intangible personal property at the time a writ of execution is delivered to the sheriff, and not at the commencement of the citation to discover assets proceeding. *Levine v. Pascal*, 94 Ill.App.2d 43, 55, 236 N.E.2d 425, 430 (1968); *cf. Mid-West Nat'l Bank of Lake Forest v. Metcoff*, 23 Ill.App.3d 607, 611–12, 319 N.E.2d 336, 340 (1974) (quoting *Levine* with approval).

■ Therefore, for purposes of Illinois law, plaintiffs were judgment lien creditors with a lien on Wente's bank account as of December 12, 1974. The court must now decide if this state-created lien was choate prior to January 15, 1975, the date the notice of federal tax lien was recorded, in order to determine which of the parties was "first in time," and therefore is "first in right" as to the Wente bank account.

### 2. The Choateness of Plaintiffs' Lien.

■ As mentioned previously, a state judgment lien creditor is only granted priority over a federal tax lien if the judgment lien is "choate" prior to the giving of notice of the federal tax lien as required by section 6323. The purpose of this additional federal choateness requirement is to prevent the states from " 'affect[ing]' the standing of federal liens, contrary to the established doctrine, simply by causing an inchoate lien to attach at some arbitrary time even before the amount of the tax, assessment, etc., is determined.' " *United States v. Pioneer American Ins. Co., supra*, at 374 U.S. at 89, 83 S.Ct. at 1655 *quoting United States v. New Britain*, 347 U.S. 81, 86, 74 S.Ct. 367, 98 L.Ed. 52 (1954). In order to prevent the states from placing their interests, and the interests of their individual citizens, before the interests of the federal tax collection system, the court

---

1. Ill.Rev.Stat. ch. 110, § 73 provides that a judgment creditor is entitled to a hearing to discover the assets of a defendant and that pursuant to that hearing the court may order the defendant to turn over his property to the judgment creditor.

is required to look "to the realities and the facts in a given case rather than to the technical form or terminology used to designate" the nonfederal claimant.  I.R.S. Reg. § 301.6323–1.

The Supreme Court has stated that a state-created lien becomes choate at the time that it becomes "specific and perfected."  *United States v. Equitable Life Assur. Soc'y, supra,* 384 U.S. at 327, 86 S.Ct. 1651.  To constitute a "specific and perfected" lien, "there [must be] nothing more to be done to have a choate lien  .  .  .  ," *United States v. New Britain, supra,* 347 U.S. at 84, 74 S.Ct. at 369.  Thus, "when the identity of the lienor, the property subject to the lien, and the amount of the lien are established," *id.,* the state lien is choate.  And, if the notice of federal tax lien has not been filed, the state-lien holder has priority over the property subject to the competing liens.  *See Avco Delta Corp. Canada Ltd. v. United States,* 459 F.2d 436, 439 (7th Cir. 1972).

Defendant has conceded that on December 12, 1974, the plaintiffs' lien satisfied 2 of the 3 choateness requirements.  Defendant does not dispute that the identity of the lienor and the amount of the lien were known well before January 15, 1975, the date the notice of federal tax lien was given.  It is defendant's position, however, that until the citation to discover assets procedure was completed the plaintiffs could not know which of the debtor's property would be turned over to plaintiffs in satisfaction of their judgment, and therefore their lien was not specific as to the property subject to the lien.  Because plaintiffs' lien could not have been specific until after January 15, 1974, defendant contends that the lien was not choate until after notice of the federal tax lien was given and is not entitled to priority under section 6323.

This court is of the opinion that plaintiffs' lien was specific, in terms of the choateness requirements, as of December 12, 1974, upon the delivery to the sheriff of the writ of execution, and that therefore plaintiffs' lien is entitled to priority over defendant's later filed federal tax lien.  As of December 12, 1974, plaintiffs had done all they could, under Illinois law, to perfect their lien as to Wente's personal property and there was no way that their interest could be modified or extinguished by a later proceeding.  And, although it is true that as of December 12, 1974, plaintiffs' lien ran to all of Wente's personal property, the Supreme Court has recognized that such general liens are "specific" for purposes of choateness.  *United States v. Vermont,* 377 U.S. 351, 84 S.Ct. 1267, 12 L.Ed.2d 370 (1964).  *See also Donald v. Madison Indus., Inc.,* 483 F.2d 837 (10th Cir. 1973).  In fact, as the Court in *Vermont* pointed out, it would be anomalous to hold such a general lien inchoate since a federal tax lien is just as general.[2]  *United States v. Vermont, supra,* 377 U.S. at 355, 84 S.Ct. 1267.

Defendant's real challenge in this case is that even though the state lien is created as of the date the writ of execution is delivered to the sheriff, another proceeding remains to determine which piece of property owned by the debtor will be used to satisfy the lien.  However, the Supreme Court has never required that the lien be *enforced* prior to its becoming choate.  *United States v. Vermont, supra.*  Choateness requires three elements, all of which were present in plaintiffs' interest as of December 12, 1974:  (1) the identity of the lienor, and (2) the amount of the lien were established by the judgment;  and (3) the property subject to the lien, all of Wente's personal property, including his bank account, was fixed by state law by the filing of the writ of execution.  The fact that the lien had to be enforced by way of a citation to discover assets proceeding, and that the specific property used to satisfy the lien would not be known until after the proceeding terminated, does not alter that aspect of Illinois law which grants judgment creditors a broad lien covering all of

---

2.  26 U.S.C. § 6321 defines the federal government's lien as a lien upon "all property and rights to property, whether real or personal, belonging to [the taxpayer]."  *Id.*

the debtor's personal property even if in some cases not all of the personalty will be used to satisfy the judgment. Thus, in *United States v. Vermont, supra,* the Supreme Court held that a state tax lien which gave the state an interest in all of the delinquent taxpayer's personal property was choate even though the specific property used to satisfy the state tax lien was not yet known.

It should be noted that there appears to be a case which denies a state judgment creditor priority over a federal tax lien because of a supplementary procedure to enforce the judgment. In *United States v. Cohen,* 271 F.Supp. 709 (S.D.Fla.1967), Florida granted a judgment creditor a lien on the debtor's *legal* interests in real property. *Equitable* interests in real property were not subject to levy by a writ of execution and had to be reached by supplemental proceedings. The court stated: "Under Federal concepts a lien is not perfected if its existence, amount or *enforcement* is contingent upon the outcome of a suit. *United States v. Acri . . . ; United States v. Security Trust & Savings Bank . . . .*" 271 F.Supp. at 716 (emphasis supplied).

■ This court believes that the *Cohen* case is factually distinguishable from the case at bar. In *Cohen,* Florida did not appear to grant a lien to a judgment creditor as to the debtor's equitable interests in real property, while in the present suit such a lien was granted to plaintiffs by Illinois upon the filing with the sheriff of the writ of execution. But, more important, this court can not agree that *Cohen* has stated the proper rule of law. Where a lien is granted by the state as to all the debtor's property, and there is no way that that interest can be altered or extinguished, the lien is choate for section 6323 purposes. The cases cited by the court in *Cohen* to support the proposition that *enforcement, per se,* is an element of the choateness test are not supportive in fact. Thus, in *United States v. Acri,* 348 U.S. 211, 75 S.Ct. 239, 99 L.Ed. 264 (1955), a state lien was held in-

choate because it was merely an attachment lien and because the lien could be lost after a hearing on the merits of the lienor's complaint. As such, *Acri* stands only for the proposition that the lien must be based upon a final judgment and not be subject to loss. In *United States v. Security Trust & Savings Bank,* 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53 (1950), the court held inchoate an attorney's fee lien because the amount of the lien would not be determined until after the completion of the attorney's client's law suit.

■ In both *Acri* and *Security Trust,* the lien could be either lost or modified by a future hearing. Neither case stands for the proposition that once the lien and its amount are fixed that the lien is not choate because it must be enforced by a judicial proceeding. All liens must be enforced after they become perfected. To hold that all liens created by the states must first be enforced before they are given priority over federal tax liens would be a judicial modification of section 6323 which only requires a choate lien, not possession of the debtor's property.[3]

In the case at bar, the judgment lien given by Illinois to plaintiffs upon the delivery to the sheriff of the writ of execution could not be altered in any way by the citation to discover assets proceeding. That proceeding does not determine which personal property plaintiffs have rights in, but rather, in reality, the proceeding only determines which of the debtor's assets, all of which are subject to plaintiffs' lien, will be used to satisfy plaintiffs' judgment. Thus, as of December 12, 1974, plaintiffs held a specific and perfected state-created judgment lien. Because this lien was choate prior to the filing of the notice of federal tax lien, plaintiffs have priority to, and are entitled to, the proceeds from the Wente bank account. There being no genuine issue of material fact, plaintiffs' motion for summary judgment is GRANTED.

---

**3.** It should also be noted that the *Cohen* decision made no mention of the *Vermont* case and its approval of general liens as "specific" under the choateness test.