In the Matter of STONER INVEST-
MENTS, INC., Debtor.

The VENDO COMPANY, Plaintiff,

v.

STONER INVESTMENTS, INC.,
Defendant.

Bankruptcy No. 77 B 6054.

United States Bankruptcy Court,
N. D. Illinois, E. D.

Nov. 25, 1980.

Mark E. MacDonald, James E. S. Baker, Sidley & Austin, Barnabas P. Sears, Boodell, Sears, Sayre, Giambalvo & Crowley, Chicago, Ill., for Stoner Investments.

Allan G. Sweig, Nachman, Munitz & Sweig, Ltd., Chicago, Ill., for Vendo Co.

MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This matter having come on at the continued hearing on the motion of The Vendo Company for judgment on its complaint to modify automatic stay or, in the alternative, for dismissal of this case; due notice having been given to all parties entitled thereto; the Court having considered all memoranda filed, the oral arguments made, and the entire record in this case; and on October 31, 1980 the Court having announced in open Court the factors considered by the Court in reaching its decision and its findings and conclusions, all of which are incorporated herein by reference thereto; and the Court having heard further oral argument on November 10, 1980; and the Court being fully advised in the premises, the Court makes the following findings of fact and conclusions of law.

Pursuant to a judgment issued by an Illinois trial court and affirmed by the Illinois Supreme Court, The Vendo Company is a judgment creditor of Stoner Investments, Inc. See *The Vendo Company v. Stoner*, 105 Ill.App.2d 261, 245 N.E.2d 263 (1969); *Vendo Co. v. Stoner*, 13 Ill.App.3d 291, 300 N.E.2d 632 (1973); *Vendo Co. v. Stoner*, 58 Ill.2d 289, 321 N.E.2d 1 (1974). Pursuant to Illinois Revised Statutes Chapter 110, Section 73, The Vendo Company, pursuant to said judgment, issued the following citations to discover assets:

| Respondent | Date |
| --- | --- |
| Chicago Title and Trust Co. | December 20, 1974 |
| Stoner Investments, Inc. | January 3, 1975 |
| Valley National Bank | January 3, 1975 |
| Dreyer, Foote and Streit, Assoc. | January 21, 1975 |
| Clifford Zubka, DDS | January 21, 1975 |
| Harry B. Stoner | January, 1975 |

In open court on October 31, 1980 this Court ruled that the automatic stay provided by Bankruptcy Rule 11–44 be modified so that The Vendo Company could enforce any and all liens The Vendo Company has against any assets of Stoner Investments, Inc. That order authorizes enforcement of the liens of Vendo against the real property of Stoner Investments. The issue herein is to what extent does Vendo have liens against the personal property of Stoner Investments. Stoner Investments contends that a citation to discover assets absent a turnover order or a writ of execution, cannot create a valid lien enforceable against a debtor–in–possession. Vendo contends that through the citation to discover assets procedure, Vendo became a lien creditor of all of Stoner Investments assets attached as a result of said citations. The issue is: Does a citation to discover assets under Illinois law create a lien upon the intangible personal property of the judgment debtor?

A citation to discover assets is a supplementary proceeding designed to aid a judgment creditor in discovering defendant's property and applying it in satisfaction of a judgment. *Illinois Law and Practice, Executions § 171.* The citation to discover assets procedure works to "compel the application of assets discovered to satisfaction of the judgment." See S.H.A., ch. 110, § 73, Historical and Practice Notes. This Court holds that the citation to discover assets procedure compels the application of the assets discovered to the satisfaction of the judgment by creating a lien upon the intangible personal property of the defendant.

The leading Illinois case on citations to discover assets is *Levine v. Pascal,* 94 Ill. App.2d 43, 236 N.E.2d 425 (1968). A subsequent case following *Levine* stated that *Levine* held that:

a creditor who proceeds by a citation to discover assets is a lien creditor as defined in § 9–301(3) of the Uniform Commercial Code.

*Bank of Broadway v. Goldblatt,* 103 Ill. App.2d 243 at 247, 243 N.E.2d 501 (1968). Another subsequent case stated that:

In *Levine,* (cites), it was held that a creditor who proceeds by a citation to discover assets is a lien creditor as defined in § 9–301(3) of the Uniform Commercial Code.

*Mid–West National Bank of Lake Forest v. Metcoff,* 23 Ill.App.3d 607 at 611, 319 N.E.2d 336 (1974).

In *Levine* the creditor procured a writ of execution and initiated citation proceedings. The court found that a citation to discover assets proceeding was sufficient to establish the creditor's claim to the beneficial interest of a Land Trust. *Levine* squarely held that the plaintiff became a lien creditor upon delivering a writ of execution to the sheriff, but the *Levine* court then said "There is no doubt that he (plaintiff) could do so (enforce his lien) through citation proceedings." *Levine, supra* at 55 236 N.E.2d 425. The court concluded by stating:

Thus it is of no materiality...whether the beneficial interest...be categorized as a chose–in–action or some other form of personal property. A judgment creditor *may attach on either* under *Chapter 73,* subsection (2)(e) of the Civil Practice Act.

*Levine, supra* at 55, 236 N.E.2d 425, (emphasis added).

The above use of the language "may attach" clearly indicates that a citation to discover assets creates a lien which attaches to any personal property discovered pursuant to the citation. A recent case in the 7th Circuit, *Asher v. United States,* 570 F.2d 682 (7th Cir. 1978), albeit in dicta stated that:

It is also indisputable that a lien is created...upon intangible personal property by instituting a proceeding to discover assets under Ill.Rev.Stat., ch. 110, § 73.

*Id.* at 683. Though both *Asher* and *Levine* dealt with situations where the judgment creditor delivered writs of execution in addition to instituting citation proceedings, this Court finds no case law or equitable principles compelling the Court to rule that Vendo's liens are invalid in the absence of a

writ of execution. All the equities favor Vendo since:

> The citation to discover assets procedure...is an extraordinary remedy, essentially equitable in character, intended to reach recalcitrant...debtors who are able but unwilling to satisfy...judgments...against them. S.H.A., ch. 110, § 73, Historical and Practice Notes.

Stoner Investment's contention that Vendo is "simply an unsecured creditor with respect to the deficiency, if any, remaining upon liquidation of the real estate subject to the liens of Vendo" (Memorandum of Stoner Investments Concerning Absence of Liens on Personal Property, page one) is untenable and if upheld, it would be grossly inequitable.

Stoner Investments cites *In re Bowen Transports, Inc.*, 551 F.2d 171 (17th Cir. 1977), as holding that a citation to discover assets was not enforceable as a lien against the Bankruptcy trustee. However, *Bowen* is distinguished in that it dealt with two separate debtor corporations. The judgment creditor contended that a state court in supplementary proceedings could modify the underlying judgment against the Delaware corporation to permit satisfaction from the Illinois corporation's assets. This Court reads *Bowen* as holding that under § 73 of the Civil Practice Act a court cannot enforce a judgment against one corporation by creating liens on debts owed to a separate corporation.

WHEREFORE, IT IS HEREBY ORDERED that the automatic stay provided by Bankruptcy Rule 11–44 be and it is hereby modified, vacated and terminated as to The Vendo Company so that The Vendo Company is hereby authorized and permitted to exercise all of its rights as a judgment creditor to enforce its liens against all assets of the debtor herein attached as a result of The Vendo Company's citations to discover assets.