In re Vincent LAPIANA and Barbara Lapiana, Debtors.

Vincent LAPIANA and Barbara Lapiana, Plaintiffs,

v.

FARMERS STATE BANK OF SOMONAUK, Bank of Hinsdale, J.D. Pierce Builders, Inc., Internal Revenue Service, Millard G. Lee, Richard Mayfield, Roy Raphbun and La Salle County Treasurer, Defendants.

Millard G. LEE and Richard Mayfield, Cross-Claimants,

v.

J.D. PIERCE BUILDERS, INC., United States of America, Department of the Treasury, Internal Revenue Service, Vincent Lapiana and Barbara Lapiana, Cross-Respondents.

Bankruptcy No. 81 B 7077.
Adv. No. 81 A 3304.

United States Bankruptcy Court, N.D. Illinois, E.D.

June 16, 1983.

Joseph E. Cohen, Cohen & Cohen, Chicago, Ill., for debtors.

Lawrence M. Cooper, Chicago, Ill., for trustee.

Joel Nathan, Wheaton, Ill., for Millard G. Lee and Richard Mayfield.

Jim Wilkens, Tax Div., Dept. of Justice, Washington, D.C., for U.S.

ORDER

LAWRENCE FISHER, Bankruptcy Judge.

This matter coming on to be heard upon the Complaint of Debtors, VINCENT LAPIANA and BARBARA LAPIANA, for authority to sell certain property free and clear of liens, and upon the Answers thereto filed by FARMERS STATE BANK OF SOMONAUK, BANK OF HINSDALE, J.D. PIERCE BUILDERS, INC., and MILLARD G. LEE and RICHARD MAYFIELD ("Lee and Mayfield"), and upon the Crossclaim of Lee and Mayfield to determine priorities to proceeds of sale, and upon the Answers to said Crossclaim filed by J.D. PIERCE BUILDERS, INC., UNITED STATES OF AMERICA (the "United States"), and Debtors, and upon the Motion of Lee and Mayfield for Summary Judgment against Crossrespondents United States and Debtors, and upon the United States' Cross-Motion for Summary Judgment upon the Crossclaim of Lee and Mayfield, and

The Court having examined the pleadings filed in this matter, and having received and examined the Stipulation of Facts and Genuineness of Documents executed and submitted by Lee and Mayfield, the United States, and Debtors, and later adopted by the Trustee, and having received and examined Memoranda of the parties in support of their respective positions, and having heard the arguments of counsel, and the Court being fully advised in the premises,

The Court Finds:

1. On or about August 19, 1980, a judgment by confession, in the amount of $497,-392.60 plus costs, was entered in favor of Lee and Mayfield against Debtors and others in the Eighteenth Judicial Circuit Court, Du Page County, Illinois, Case No. 80 L 1101, entitled "Millard G. Lee and Richard J. Mayfield vs. Michael J. Hart, Dorothy L. Hart, Vincent LaPiana, Barbara LaPiana, H. Gene Wininger, and Marilyn J. Wininger".

2. On August 25, 1980, the United States made an assessment of Debtors' income tax liability for the year ended December 31, 1979 in the amount of $70,-474.49.

3. Thereafter, on August 27, 1980, the Clerk of the Eighteenth Judicial Circuit, Du Page County, Illinois, issued in Case No. 80 L 1101 two citations to discover assets, one directed to Vincent LaPiana and the other to Barbara LaPiana. The citations were duly served upon Debtors on September 3, 1980.

4. On or about September 8, 1980, an order was entered in Case No. 80 L 1101, reciting in relevant part as follows:

" . . .

It is hereby ordered and decreed;

.      .      .      .      .

2) That the defendants be and are hereby granted leave in accordance with Supreme Court Rule 276 to file their motion to open and/or set aside the judgment by confession entered on August 19, 1980 and/or August 18, 1980 . . .

3) That the aforemention [sic] judgment shall stand until further order of court and enforcement or/and any citations or supplemental proceedings shall be and are hereby stayed until further order of court.

4) That the Citation shall stand as a lien upon the assets of defendants until further order of court."

After a hearing, Debtors' motion to open the judgment by confession was allowed. The order opening the judgment was entered on November 26, 1980 and provides in relevant part as follows:

" . . .

3. That the Plaintiffs shall have thirty (30) days to answer Defendants' Affirmative Defense and Counter-Claim and to assert such other additional claims they have have [sic] against the Defendants.

4. That the judgment heretofore entered by confession shall stand as security.

5. That the Citation heretofore issued and served on Defendants shall be continued generally and shall continue to stand as a lien upon the assets of the Defendants.

6. That the parties undertake discovery to be completed within a reasonable time and, thereafter, this matter shall be set for trial on further motion and order."

5. On December 31, 1980, the United States filed with the Recorder of Deeds for Lake County, Illinois its Notice of Federal Tax Lien. Two days later, on January 2, 1981, the United States filed a similar notice with the Recorder of Deeds for La Salle County, Illinois.

6. Debtors filed their voluntary joint petition for relief under chapter 11 of the Bankruptcy Code on June 15, 1981. At the time of the filing of the petition, and at all times relevant herein, Debtors jointly held the beneficial interest in Bank of Naperville Trust No. 3461, dated December 8, 1978, an Illinois land trust (the "land trust") holding title to the real estate commonly known as 1586 Holiday Drive, Sandwich, Illinois. Said real estate is located in La Salle Coun-

ty, Illinois, and Debtors reside in Lake County, Illinois.

7. On October 5, 1981, Debtors filed the instant Complaint seeking authority to sell their beneficial interest in the land trust free and clear of liens and encumbrances, any valid liens to attach to the proceeds of sale. The Court granted the requested authority, and the property was sold for $200,-000.00. Upon sale, the alleged liens of J.D. PIERCE BUILDERS, INC., the United States, and Lee and Mayfield attached to the proceeds.[1] Debtors also claim an interest therein.

8. On November 12, 1981, after the property had been sold, Lee and Mayfield filed their Crossclaim against J.D. PIERCE BUILDERS, INC., the United States[2], and Debtors. The Crossclaim seeks a determination that Lee and Mayfield hold a valid lien in the proceeds of sale, that the lien is prior to the interests of the United States, J.D. PIERCE BUILDERS, INC., and Debtors, and for an order directing turnover of the sale proceeds to Lee and Mayfield to the extent of their alleged lien. In the Motion for Summary Judgment on their Crossclaim, Lee and Mayfield seek a determination of priority only as against the United States and Debtors. The Cross-Motion for Summary Judgment filed by the United States prays for an order upholding the priority of the federal tax lien as against the interests of Lee and Mayfield.

9. After the filing of the Motions for Summary Judgment, Debtors' chapter 11 case was converted to a case under chapter 7 of the Bankruptcy Code. LAWRENCE COOPER was appointed Trustee, and he has succeeded to any non-exempt interest which Debtors may have had in the proceeds of sale.

10. As of this date, no portion of the alleged indebtedness to Lee and Mayfield or of Debtors' 1979 income tax liability has been satisfied.

The Court Concludes and Further Finds:

1. There is no genuine issue as to any fact material to the issues decided herein.

■ 2. In determining the question of priority raised by the instant motions, the initial inquiry must be whether the judgment creditors, Lee and Mayfield, hold a lien upon the funds in controversy. Lee and Mayfield contend that the issuance and service of a citation to discover assets under § 73 of the Civil Practice Act, Ill.Rev.Stat. ch. 110, § 73 [3], creates a lien on personal property belonging to the judgment debtor.

Illinois law is not at all clear upon this issue. In the leading case of *Levine v. Pascal*, 94 Ill.App.2d 43, 236 N.E.2d 425 (1st Distr.1968), the defendants assigned their beneficial interest in a land trust to Palos State Bank as collateral for a loan. The bank never filed a financing statement to perfect its lien as then required by the Illinois Commercial Code. Several months after the making of the loan, a judgment was entered against the defendants in favor of one Levine, and Levine obtained the issuance of both a writ of execution and a citation to discover assets under § 73.

In the citation proceedings, the bank claimed it had priority over Levine in the defendants' beneficial interest in the land trust. The bank argued that such an interest constitutes intangible personal property and is not subject to a lien by a writ of execution.[4] The Court responded as follows:

" . . . As well as procuring a writ of execution, plaintiff initiated citation proceedings under section 73 of our Civil

---

1. The claims of certain defendant lienholders have already been satisfied from the proceeds of sale, including the liens of FARMERS STATE BANK OF SOMONAUK and BANK OF HINSDALE.

2. Lee and Mayfield named the INTERNAL REVENUE SERVICE as crossrespondent; a motion to substitute the United States as a party was subsequently allowed.

3. Currently § 2–1402 of the Illinois Code of Civil Procedure, Ill.Rev.Stat. ch. 110, § 2–1402 (1982).

4. Ill.Rev.Stat. ch. 77, § 9, which sets forth the method of levying on personal property, refers only to "goods and chattels".

Practice Act. Having the status of judgment creditor, this remedy was available to plaintiff and sufficient to establish his claim to the beneficial interest of Land Trust No. 15222. *Clearly, plaintiff became a lien creditor as defined in section 9–301(3) of the Commercial Code when the writ of execution was placed in the hands of the sheriff.... While it may be doubtful whether the plaintiff could effectively enforce his lien by means of the writ of execution, there is no doubt that he could do so through citation proceedings.*" (Emphasis added; citations omitted.)

*Id.* at 54–55, 236 N.E.2d 425.

As the emphasized language above indicates, the *Levine* court may have been drawing a distinction between creation of the lien (through delivery of the writ of execution to the sheriff) and its enforcement (through citation proceedings). However, two subsequent Illinois decisions, viz., *Mid-West National Bank of Lake Forest v. Metcoff,* 23 Ill.App.3d 607, 319 N.E.2d 336 (1974) and *Bank of Broadway v. Goldblatt,* 103 Ill.App.2d 243, 243 N.E.2d 501 (1968), ignored any such distinction. These cases interpret *Levine* as holding that a judgment creditor who institutes citation proceedings becomes a lien creditor within the purview of § 9–301(3) of the Illinois Commercial Code.

In a recent bankruptcy court case, *In re Stoner Investments, Inc.,* 7 B.R. 240 (Bkrtcy.N.D.Ill.1980), *aff'd,* No. 80 C 6226 (N.D.Ill. Aug. 6, 1981), the judgment creditor, who had obtained the issuance of a citation to discover assets but not a writ of execution, argued that the citation was sufficient to create a lien on the debtor's intangible personal property. The bankruptcy court noted that *Levine* clearly held a lien was created upon delivery of a writ of execution to the sheriff, but interpreted *Levine* as further holding that a citation to discover assets can also create a lien. *In re Stoner Investments, Inc., supra.* The court relied principally upon the following statement from *Levine:*

"... [I]t is of no materiality in this case whether the beneficial interest in a land trust be categorized as a chose-in-action or some other form of personal property. A judgment creditor *may attach* on either under chapter 73, subsection (2)(e) of the Civil Practice Act...." (Emphasis added.)

*Levine v. Pascal, supra.*

In *Asher v. United States,* 570 F.2d 682 (7th Cir.1978), the Seventh Circuit Court of Appeals had occasion to consider whether the issuance of a writ of execution creates a lien in intangible personal property. The Court, in dicta, stated that "... a lien is created ... upon intangible personal property by instituting a proceeding to discover assets under Ill.Rev.Stat., ch. 110, § 73," and went on to hold, relying upon *Levine,* that such a lien is also created upon delivery of a writ of execution to the sheriff. *Asher v. United States, supra* at 683–85.

The two most recent pronouncements on this issue from the Illinois courts are in direct conflict. In *In re Marriage of Rochford,* 91 Ill.App.3d 769, 46 Ill.Dec. 943, 414 N.E.2d 1096 (1st Distr.1980), the judgment creditor, who had obtained the issuance of a writ of execution but not a citation to discover assets, claimed priority in the proceeds of sale of a seat on the Chicago Mercantile Exchange. The court held that a lien on tangible personal property is created by the delivery of a writ of execution to the sheriff, while a lien on intangible personal property, such as a seat on a trading exchange, "... may be created only through the filing of a creditor's bill ... or by instituting proceedings to discover assets." *Id.* at 775, 46 Ill.Dec. 943, 414 N.E.2d 1096 (citations omitted).

In *Kaiser-Ducett Corp. v. Chicago-Joliet Livestock Marketing Center, Inc.,* 86 Ill. App.3d 216, 41 Ill.Dec. 651, 407 N.E.2d 1149 (3d Distr.1980), the judgment creditor obtained the issuance of both a writ of execution and citations to discover assets. The court observed that the writ of execution had been delivered to the sheriff of the wrong county and held that although citations had also been issued, the judgment

creditor had failed to perfect a lien in the judgment debtor's intangible personal property. The court stated, "... [A] judgment can not become a lien against personal property unless a writ of execution is delivered to the sheriff to be properly executed.... This is so for intangible as well as tangible personal property, even though a citation-to-discover-assets proceeding must also be instituted to obtain the intangible personal property of the debtor." *Id.* at 219, 41 Ill.Dec. 651, 407 N.E.2d 1149 (citations omitted). In support of its holding, the court cited without discussion *Levine v. Pascal, supra, Asher v. United States,* 436 F.Supp. 22 (N.D.Ill.1976), aff'd, 570 F.2d 682 (7th Cir.1978), and *Midwest National Bank of Lake Forest v. Metcoff, supra.*

The district court in *General Telephone Co. of Illinois v. Robinson,* 545 F.Supp. 788, 793 (C.D.Ill.1982), observed that this area of Illinois law "[t]o say the least, ... is muddled". After a thorough discussion of the relevant case law, the court concluded in dicta that the institution of citation proceedings should give rise to a lien on personal property. *Id.* at 797 (citations omitted).[5] This Court agrees that the weight of authority and the better reasoned decisions support a finding that the issuance and service of a citation to discover assets pursuant to § 73 of the Civil Practice Act, Ill.Rev.Stat. ch. 110, § 73, creates a lien upon the intangible personal property of the judgment debtor. Accordingly, Lee and Mayfield held a valid judgment lien upon the Debtors' joint beneficial interest in Bank of Naperville Trust No. 3461, and they hold a valid lien in the proceeds of sale.

3. Lee and Mayfield contend that their lien has priority over the Government's lien for taxes.

The lien of the United States for income taxes owed by Debtors for the year ended December 31, 1979 arose pursuant to the provisions of 26 U.S.C. § 6321. That section grants the Government a lien on all property and rights to property belonging to a delinquent taxpayer. *United States v. Cohen,* 271 F.Supp. 709, 714 (S.D.Fla.1967). The lien arose at the time the assessment was made, viz., August 25, 1980. 26 U.S.C. § 6322; *see Sgro v. United States,* 609 F.2d 1259, 1261 (7th Cir.1979); *Crocker National Bank v. Trical Manufacturing Co.,* 523 F.2d 1037, 1038 (9th Cir.1975).

■ Pursuant to 26 U.S.C. § 6323(a)[6], the Government's tax lien is not valid as against a judgment creditor's lien until proper notice thereof is filed by the Secretary of the Treasury or his delegate. In order for a judgment lien to take priority over a federal tax lien under this section, it must have attached to the property in question and be choate at the time the federal tax lien is recorded. *See United States v. City of New Britain,* 347 U.S. 81, 86, 74 S.Ct. 367, 370–71, 98 L.Ed. 520 (1954); *Sgro v. United States, supra; Dugan v. Missouri Neon & Plastic Advertising Co.,* 472 F.2d 944, 951 (8th Cir.1973); *Asher v. United States,* 436 F.Supp. 22, 25 (N.D.Ill.1976), aff'd on other grounds, 570 F.2d 682 (7th Cir.1978).

In this case, the federal tax lien was recorded on December 31, 1980.[7] The lien of the judgment held by Lee and Mayfield attached prior thereto, on September 3, 1980, when the citations to discover assets were served upon Debtors. The question

---

5. In *General Telephone,* a distinction was drawn between an order issued pursuant to Ill.Rev.Stat. ch. 110, § 73(2), which compels the person cited to turn over assets discovered, and an order issued pursuant to Ill.Rev.Stat. ch. 110, § 73(4), which merely enjoins a party from disposing of property. The court suggested that only a § 73(2) order should give rise to a lien on the judgment debtor's personal property.

6. That section provides in relevant part as follows:

"The lien imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary or his delegate."

7. *See* 26 U.S.C. § 6323(f)(1) and (2) and Ill.Rev. Stat. ch. 82, § 66.

remains whether that lien was choate when the federal tax lien was recorded.

The question of choateness is a matter of federal law, *Sgro v. United States, supra; Bank of California, National Association v. United States,* 520 F.2d 302, 303 (9th Cir. 1975), although local law is initially consulted to examine the lien procedure and to determine the characteristics of the state-created lien. *Hartford Provision Co. v. United States,* 579 F.2d 7, 9 (2d Cir.1978); *see also Aquilino v. United States,* 363 U.S. 509, 512–13, 80 S.Ct. 1277, 1279–80, 4 L.Ed.2d 1365 (1960). The lien is then evaluated against the federal standard of choateness, which requires that the identity of the lienor, the property subject to the lien, and the amount of the lien be established. *United States v. City of New Britain, supra* 347 U.S. at 84, 74 S.Ct. at 369–70; *Sgro v. United States, supra; Hartford Provision Co. v. United States, supra.*

Prejudgment liens have frequently been held inchoate and therefore subordinate to antecedent federal tax liens. *See, e.g., United States v. Acri,* 348 U.S. 211, 75 S.Ct. 239, 99 L.Ed. 264 (1955); *United States v. Liverpool & London & Globe Insurance Co., Ltd.,* 348 U.S. 215, 75 S.Ct. 247, 99 L.Ed. 268 (1955); *United States v. Security Trust & Savings Bank,* 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53 (1950); *United States v. Erlandson,* 311 F.Supp. 399 (D.Minn.1969). In *United States v. Security Trust & Savings Bank, supra,* the Court explained that the attachment lien gave the creditor

"... no right to proceed against the property unless he gets a judgment within three years .... Numerous contingencies might arise that would prevent the attachment lien from ever becoming perfected by a judgment awarded and recorded. Thus the attachment lien is contingent or inchoate ..."

*Id.* 340 U.S. at 50, 71 S.Ct. at 113.

4. Under the standard of choateness articulated above, the lien held by Lee and Mayfield was inchoate when the Government recorded its tax lien on January 2, 1981. Prior to that date, the judgment by confession had been reopened pursuant to Illinois Supreme Court Rule 276, which provides in relevant part as follows:

"A motion to open a judgment by confession shall be supported by affidavit ... and shall be accompanied by a verified answer which defendant proposes to file. If the motion and affidavit disclose a *prima facie* defense on the merits to the whole or a part of the plaintiff's claim, the court shall set the motion for hearing. The plaintiff may file counteraffidavits. If, at the hearing upon the motion, it appears that the defendant has a defense on the merits to the whole or a part of the plaintiff's claim and that he has been diligent in presenting his motion to open the judgment, the court shall sustain the motion either as to the whole of the judgment or as to any part thereof as to which a good defense has been shown, and the case shall thereafter proceed to trial upon the complaint, answer, and any further pleadings which are required or permitted.... The original judgment stands as security, and all further proceedings thereon are stayed until the further order of the court, but if the defense is to a part only of the original judgment, the judgment stands as to the balance and enforcement may be had thereon...."

The purpose of this rule is to afford the litigants a full hearing on the merits of the controversy. *See Kankakee Concrete Products Corp. v. Mans,* 81 Ill.App.3d 53, 55, 36 Ill.Dec. 217, 400 N.E.2d 637 (1980); *Mangiamele v. Terrana,* 42 Ill.App.3d 305, 307, 355 N.E.2d 765 (1976); *Marengo State Bank v. Meyers,* 89 Ill.App.2d 421, 435, 232 N.E.2d 75 (1967). If the defense is unsuccessful, the original judgment will be restored; if successful, the judgment will be set aside. *See Excelsior Stove & Manufacturing Co. v. Venturelli,* 290 Ill.App. 502, 508, 8 N.E.2d 702 (1937); *Farmers Bank of North Henderson v. Stenfeldt,* 258 Ill.App. 428, 430 (1930). Thus, after a judgment is reopened, it stands as security merely, in order that a successful plaintiff may have a valid lien effective as of the date of the original judgment. *See Marengo State Bank v.*

*Meyers, supra* 89 Ill.App.2d at 435–36, 232 N.E.2d 75; *Farmers Bank of North Henderson v. Stenfeldt, supra.*

It is clear that the lien of such a reopened judgment is subject to numerous contingencies and may be lost entirely after trial. Enforcement is stayed pending the hearing, and the lien is continued during that time merely in order that it may relate back to the date of the original judgment if an unsuccessful defense is presented. The lien is similar in this regard to an attachment or other prejudgment lien.

The federal standard of choateness specifically requires that the identity of the lienor, the property subject to the lien, and the amount of the lien be established. In this case, the last requirement is not satisfied; the amount of the lien will not be fixed until after a trial upon the merits.[8]

Lee and Mayfield point to *Bank of California, National Association v. United States, supra,* in support of their contention that the subject lien is choate. That case is clearly distinguishable and supports this Court's decision. In *Bank of California,* the holder of a California judgment filed a petition to register the judgment in Oregon. The Government recorded its tax lien against the judgment debtor after the judgment creditor obtained the issuance of a writ of execution in Oregon but before the judgment became a final Oregon judgment. The court observed that the California judgment was subject to challenge in the Oregon courts only on limited grounds such as fraud or lack of jurisdiction and held that while technical considerations lent support to the Government's position, the realities and facts mandated decision in favor of the judgment creditor.

In this case, the parties await a full trial on the merits, and the judgment, though technically continued in effect as security, is subject to attack upon any meritorious ground. Here, the realities and facts give decisive weight to the Government's position.

5. The lien of Lee and Mayfield, though subordinate to that of the United States, is superior to the interests, if any, of Debtors and the Trustee.

6. The Court makes no finding as to the priority of the Government's lien or the lien of Lee and Mayfield as against the alleged lien of J.D. PIERCE BUILDERS, INC.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the Motion for Summary Judgment filed by Lee and Mayfield be, and the same is hereby allowed in part and denied in part, all in accordance with the foregoing.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Motion for Summary Judgment filed by the United States be, and the same is hereby allowed.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Crossclaim of Lee and Mayfield, except for those issues not decided herein, be, and the same is hereby allowed in part and denied in part, all in accordance with the foregoing.

IT IS FURTHER ORDERED that trial as to all remaining issues on the Complaint and Crossclaim be, and the same is hereby set for September 27, 1983, at the hour of 2:00 p.m., Courtroom 1670, Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois.

---

**8.** The other two requirements, concerning identity of the lienor and property subject to the lien, are met. Although the lien created through service of a citation reaches all of the judgment debtor's personal property, such a general lien satisfies the requirement that the identity of property subject to the lien be established. *See Asher v. United States,* 436 F.Supp. 22, 26 (N.D.Ill.1976), *aff'd on other grounds,* 570 F.2d 682 (7th Cir.1978); *see also Dugan v. Missouri Neon & Plastic Advertising Co., supra.*