**In re Daniel J. D'AMBROSIA, a/k/a TDK Builders, Inc., a/k/a Torpino's Pizza, Debtor.**

**Bankruptcy No. 85 B 14092.**

United States Bankruptcy Court, N.D. Illinois, E.D.

June 13, 1986.

John J. Corbet, Ltd., Chicago, Ill., for creditors.

Norman B. Newman, Lord, Bissell & Brook, Chicago, Ill., trustee.

John J. King, Calumet City, Ill., for debtor.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Chief Judge.

This matter comes to be heard on the motion of Daniel J. D'Ambrosia, a/k/a TDK Builders, Inc., a/k/a Torpino's Pizza ("debtor") to avoid a judicial lien and preferential transfer pursuant to 11 U.S.C. §§ 522(f)(1), 522(h), and 547(b).[1] Henry W. Crosetti and Kathleen Crosetti ("lien creditors"), in whose favor the judicial lien was granted, reply that their judicial lien attached more than 90 days preceding the filing of the debtor's Chapter 7 and is therefore not an avoidable preference. For the reasons set forth below, the court concludes that, regardless of the date the lien arose, the debtor herein can avoid the judicial lien to the extent of his $7,500.00 homestead exemption and that the remainder of the judicial lien over and above that amount survives.

## BACKGROUND

On September 27, 1985, an order was entered in the Circuit Court of Cook County, Illinois, granting the lien creditors a judicial lien in the amount of $32,000.00 against the debtor's ½ beneficial interest in Marquette National Bank Trust No. 10436 holding title to debtor's residence. Shortly thereafter, on October 21, 1985, debtor filed his Chapter 7 petition. Debtor's schedules disclose the market value of debtor's beneficial interest to be $40,000.00 subject to a purchase money mortgage in the amount of $13,350.00, leaving the debtor with an equity of $26,650.00. Debtor has claimed and is entitled to a $7,500.00 homestead exemption under Ill.Rev.Stat. ch. 110, § 12–901 (1985). The debtor has proposed to purchase from the trustee the non-exempt portion of his equity and therefore seeks to avoid the subject judicial lien both as a preferential transfer and one which impairs debtor's exemptions.

In objecting to debtor's motion, the lien creditors deny that their judicial lien attached on September 27, 1985. Rather, the lien creditors contend that their judicial lien was created on June 12, 1985, the date on which the land trustee was served with a citation to discover assets. Therefore, the lien creditors seek to have their lien upheld and declared fully enforceable.

## DISCUSSION

■ Section 522(f)(1) of the Bankruptcy Code allows a debtor to avoid the fixing of a judicial lien on an interest in his property to the extent such lien impairs an exemption to which the debtor would otherwise be entitled. The purpose of section 522(f)(1) is to protect the debtor's exemptions by permitting him to avoid a judicial lien to the extent the property could have been exempted in the absence of the judi-

---

1. The court notes that the motion to avoid preferential transfer should have properly been filed as an adversary proceeding pursuant to Bankruptcy Rule 7001. However, the responding creditors have not objected and the court will therefore rule on the matter as presented.

cial lien. *In re Zuaro*, 29 B.R. 37, 38 (Bankr. E.D.N.Y. 1983). It follows that a judicial lien cannot be avoided to the extent it reaches non-exempt property of the estate. *In re Breaux*, 55 B.R. 613, 614 (Bankr.M.D.Ala.1985).

■ In the case at bar, the debtor has approximately $27,000.00 in equity to which the judicial lien has fully attached. However, since the judicial lien is impairing debtor's allowable homestead exemption, the court concludes that the lien is avoidable to the extent of $7,500.00. The court further concludes that the judicial lien remains enforceable to the extent it does not impair debtor's exemption rights.

■ The same result is reached under section 522(h) which permits a debtor to avoid various types of transfers of his property that the trustee could have avoided, including preferences under section 547, *to the extent of the debtor's exemption rights* when the trustee fails to so act. *See Matter of Einoder*, 55 B.R. 319, 321 (Bankr. N.D.Ill.1985) (emphasis added). Even if the debtor herein could prove that creation of the lien herein is a preference,[2] he would be able to avoid the lien only to the extent it impairs his exemption rights, i.e., only to the extent of $7,500.00. *See id.* at 322. The remaining amount of the judicial lien would survive. It is only if the trustee himself proceeded directly under section 547 that a judicial lien could potentially be avoided in its entirety rather than merely to the extent of the debtor's exemptions as section 522(h) provides.

IT IS THEREFORE ORDERED that the judicial lien of Henry W. Crosetti and Kathleen Crosetti is avoidable by the debtor herein to the extent of debtor's $7,500.00 homestead exemption.

2. Although it is not necessary to determine the date of the creation of the judicial lien herein, the court nevertheless concludes that the lien herein attached on June 12, 1985, the date on which the citation to discover assets was served upon the land trustee. *See, e.g. Matter of Einoder*, 55 B.R. 319 (Bankr. N.D.Ill.1985); *In re Foluke*, 38 B.R. 298 (Bankr. N.D.Ill.1984); *In re Lapiana*, 31 B.R. 738 (Bankr. N.D.Ill.1983);

*Matter of Stoner Investments, Inc.*, 7 B.R. 240 (Bankr. N.D.Ill.1980, *aff'd* 80 C 6226 (D.Ct.N.D. Ill., Aug. 6, 1981). Therefore, the involuntary transfer of the debtor's property through attachment of the judicial lien occurred more than 90 days prior to the filing of debtor's petition, thereby precluding a finding of a preferential transfer in this case.