**In re ARROW GENERAL CONTRACTORS OF ROSELLE, ILLINOIS, INC., an Illinois Corporation, Debtor.**

**Bankruptcy No. 82 B 6927.**

United States Bankruptcy Court, N.D. Illinois, E.D.

March 22, 1984.

**482**

James D. Skaar, Ruddy, Myler, Ruddy & Fabian, Aurora, Ill., for debtor.

Raymond Costello, Carpentersville, Ill., for trustee.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This matter came before the court on the trustee's objection to claims 9 and 10 of Artlip & Sons, Inc. Having considered the pleadings and stipulation of facts filed by the parties, the court determines that the creditor Artlip & Sons, Inc., shall have a general unsecured claim in the amount of $13,941.95 plus statutory prepetition interest of $1,882.16 totalling $15,823.41.

## FACTS

The facts as stipulated to by the parties recite that on November 25, 1980, the Circuit Court of Kane County, Illinois entered a decree of lien in and upon funds, bonds and warrants in the possession of the Capital Development Board, a money judgment for Artlip in the amount of $13,941.95, and that execution issue upon that judgment. On December 17, 1981, Artlip caused to be issued a Citation to Discover Assets against the defendant. That citation to appear was served on the defendant. On May 27, 1982 Arrow General Contractors

filed its voluntary petition under the Bankruptcy Code. Subsequently, the trustee conducted a search showing no liens on the subject property. Artlip filed its proof of claim on August 11, 1982. On December 8, 1982 after notice to creditors, the trustee conducted a sale for which $3,100 was realized. Artlip and its attorney deny receiving notice of the sale. Artlip filed no objections to the sale. The trustee objected to Artlip's claim and requested the court to determine that the claim is a general unsecured claim in the amount of $13,941.95 plus prepetition interest at the statutory rate.

## ISSUES

The question before the court is whether the rendition of a money judgment and the issuance of a citation to discover assets without a writ of execution or a turnover order issued pursuant to the citation are sufficient to create a lien on personal property of the debtor.

## DISCUSSION

First, the lien upon assets held by the Capital Development Board set forth in the Circuit Court judgment is inapplicable to property beyond that stated by the court. Obviously, that lien would not attach to the debtor's property sold by the trustee. Thus, the question is whether a lien was created and properly perfected pursuant to the paragraph of the Circuit Court order which granted Artlip a money judgment and directed that execution issue.

Although Illinois law on the issue of creation of liens is less than clear (*see generally General Telephone Co. of Illinois v. Robinson*, 545 F.Supp. 788 (C.D.Ill. 1982) and *In re Lapiana*, 31 B.R. 738 (Bankr.N.D.Ill.1983)), the better rule is that a writ of execution must be delivered to the sheriff of the county in which tangible personal property is located in order to create a perfected lien upon tangible personal property of the debtor. *Asher v. U.S.*, 436 F.Supp. 22, *affirmed* 570 F.2d 682, 684 (7th Cir.1978); *Kaiser-Ducett Corp. v. Chicago-Joliet Livestock Marketing Center, Inc.*, 86 Ill.App.3d 216, 41 Ill.Dec. 651, 653, 407 N.E.2d 1149, 1151 (1980) (citing *Haugens v.*

*Holmes*, 314 Ill.App. 166, 41 N.E.2d 109 (1942)). One reason for the rule is that the purpose of a lien is to prevent the debtor from disposing of his property to defeat the satisfaction of the debt. *Id.* at 219, 407 N.E.2d at 1152. The facts of the present case illustrate another reason for such a rule. The reason is to inform inquiring parties of the existence of a lien upon the subject property. Prior to conducting the sale of assets, the trustee conducted a Code search which revealed no liens. Since the search revealed no liens on the tangible personal property, the correct conclusion was that there were none.

Additionally, the documents on file with the court indicate that notice of the impending sale was mailed to Artlip. Yet, Artlip failed to object to the sale. Thus, the present case is one in which the creditor failed to properly perfect its claim of lien, and failed to object to the sale. For those reasons, this court holds that Artlip's claim is a general unsecured claim in the amount of $13,941.95 plus statutory prepetition interest of $1,882.16 totalling $15,823.41.

SO ORDERED.