**James Celano, Plaintiff-Appellant, v. John Frederick, et al., Defendants-Appellees.**

**Gen. No. 49,236.**

First District, Fourth Division.
December 31, 1964.

Frank J. Jacobson, and Cohen & Fiffer, all of Chicago (Frank J. Jacobson and Allan N. Lasky, of counsel), for appellant.

Wexman, Mandel and Kipnis, of Chicago (Richard L. Mandel and Ronald L. Barnard, of counsel), for appellees.

MR. PRESIDING JUSTICE ENGLISH delivered the opinion of the court.

Plaintiff appeals from an order dismissing the amended complaint as to two of eleven defendants. The order made appropriate findings under Section 50(2) of the Civil Practice Act to render it appealable. Ill Rev Stats, c 110, § 50(2).

The issues in this court are fairly simple, but may not be reached without preliminary understanding of the facts which are quite complicated. By the nature of this appeal all facts stated are those alleged in the complaint, in which plaintiff seeks to set out a cause of action for conspiracy.

In May 1960, James Celano (plaintiff in the case at bar) obtained a judgment in the Circuit Court against John and Alice Frederick for $114,122. Execution was returned wholly unsatisfied.

In June 1960, the judgment debtor John Frederick, along with James and Joseph Frederick, and The John Frederick Liquidating Corporation (which we may refer to as the Frederick group) filed suit in the Superior Court (No. 60S 10300) against Angelo Geocaris and others (which we shall refer to as the Geocaris group). That complaint, too, lay basically in conspiracy, and claimed damages of $6,000,000.

On December 4, 1960, having collected nothing on his judgment, Celano instituted supplementary proceedings to discover assets, under the authority of Section 73 of the Civil Practice Act and Supreme Court Rule 24. Ill Rev Stats, c 110, §§ 73 and 101.24. Citations were served on a dozen or more persons, including the Fredericks and the Geocaris group. Hearings were held, and the only asset of the judgment debtors which was discovered through these proceedings was John Frederick's interest in the suit against the Geocaris group (60S 10300), which was then still pending. Whereupon, after further hearing, a final order was entered in the citation proceedings on January 4, 1961, finding "that any moneys or funds to which the said John Frederick may be or become entitled by reason of any order, decree or judgment entered in said lawsuit (60S 10300), or by reason of any settlement or other disposition of the claims set forth therein, should be applied on the unsatisfied judgment heretofore entered herein." Continuing, the order concluded:

"It Is Therefore Ordered that (the Geocaris group), and each of them, be and they are hereby ordered to pay and deliver over to the Sheriff of Cook County for application to the judgment entered herein in favor of James Celano on May 11, 1960 any and all money and/or other considerations to which the judgment debtor, John

Frederick, may be or become entitled by reason of any order, decree or judgment entered in a certain cause now pending undetermined in the Superior Court of Cook County entitled John Frederick, et al. vs. Angelo G. Geocaris, et al., bearing number 60 S 10300, or by reason of any settlement or other disposition of the claims alleged by the plaintiffs therein;

"It Is Further Ordered that the said third parties be and they are hereby ordered to give to the judgment creditor, James Celano, not less than five days written notice of their intention to pay or deliver over to James Frederick, Joseph Frederick or John Frederick Liquidating Corporation, an Illinois corporation, any moneys and/or other consideration, to which said James Frederick, Joseph Frederick or John Frederick Liquidating Corporation may be or become entitled by reason of any order, decree or judgment entered in a certain cause now pending undetermined in the Superior Court of Cook County entitled John Frederick, et al. vs. Angelo Geocaris, et al., bearing number 60 S 10300, or by reason of any settlement of other disposition of the claims alleged by the plaintiffs therein."

In all of these litigated matters, including the instant case, the Frederick group were represented by attorneys Marcus Wexman and Richard L. Mandel.

On November 20, 1961, without notice or payment to Celano, suit No. 60S 10300 was dismissed.

Complaint in the case at bar was filed by Celano in May 1962 and amended in December 1962. Defendants are the Geocaris group, the Frederick group, Wexman and Mandel.

For our purposes the critical parts of the complaint are the following:

8. In the early part of 1961, the exact date being unknown to the plaintiff, the defendants and each and all of them, and others to the plaintiff unknown, conspired together and formed the deliberate design and purpose:

A. To fraudulently deprive the judgment creditor, James Celano, plaintiff herein, of monies, funds and/or properties lawfully due him from John Frederick, to be applied in satisfaction of the Judgment Order entered May 11, 1960;

B. To evade and disregard the Order entered January 4, 1961, by the Honorable Thomas J. Kluczynski in the Circuit Court of Cook County.

9. At the times and places hereinafter specified, pursuant to said conspiracy and in furtherance of said design and purpose, the defendants maliciously, unlawfully and wrongfully committed the following overt acts:

A. On or about April, 1961, (the exact date being unknown to the plaintiff) the defendants did negotiate and agree to settle the aforesaid Superior Court law suit in consideration of certain monies, funds, properties or other considerations, without notice to the judgment creditor, James Celano, plaintiff herein, or his attorneys;

B. On or about April, 1961, (the exact date being unknown to the plaintiff) the defendant did wrongfully arrange to divert the consideration for said settlement by transferring monies, funds, properties or other considerations, to which John Frederick was entitled, to the other plaintiffs or to other parties un-

known to the plaintiff, to be secretly held for the benefit of John Frederick;

C. Wilfully disregarded the provisions of the Order entered January 4, 1961, by failing to pay and deliver over to the Sheriff of Cook County, for application to the Judgment Order entered May 11, 1960, any and all monies and/or other considerations to which the judgment debtor John Frederick was entitled by reason of the settlement of the said Superior Court law suit;

D. On or about November 20, 1961, dismissed the said Superior Court law suit without proper notice to the judgment creditor, James Celano, plaintiff herein, in wilful disregard of the Order entered January 4, 1961.

10. That the Plaintiff is informed and believes that the Defendants, Marcus Wexman and Richard L. Mandel received large and substantial sums of monies out of the consideration transferred by reason of the settlement of the aforesaid Superior Court law suit; that the Defendants Marcus Wexman and Richard L. Mandel should be made to account for any and all monies which they received out of the consideration for the settlement of the said Superior Court law suit.

11. That as a direct and proximate result of the unlawful combination, scheme and conspiracy and the acts of the Defendants in pursuance thereof as aforesaid, James Celano, Plaintiff herein, has suffered irreparable loss and damage in that the Defendants have deprived him of satisfaction of the judgment entered against John Frederick and Alice Frederick on May 11, 1960.

Two motions to strike were filed; one by the Geocaris group and the other by the Frederick group

398

plus Wexman and Mandel. The court denied the motion of the Geocaris group and that action is not before us for review. As to the other motion, the court denied it as to the Frederick group, but allowed it as to Wexman and Mandel. It is from the latter part of this order that plaintiff has appealed.

■ The Frederick group of defendants have filed a cross appeal from that part of the order which denied their motion to strike. It is well established that the denial of a motion to strike or dismiss is not a final and appealable order. Chicago Housing Authority v. Abrams, 409 Ill 226, 228–229, 99 NE2d 129. This court is, therefore, without jurisdiction to review that part of the trial court's order, and the cross appeal is dismissed. Ill Rev Stats (1961) c 110, § 77; Ill Const art VI, § 7.

On the appeal as to Wexman and Mandel, they argue that the trial court was justified in separating them from the other defendants and dismissing the complaint as to them because it appears from that pleading that they "were acting solely as attorneys and as such simply carried out the requests of their clients." We cannot agree. As we have indicated, the complaint does show that Wexman and Mandel were acting as attorneys for the Fredericks throughout this entire matter, but the important charging parts of the complaint—paragraphs 8 and 9, quoted above— allege the conspiracy to have been agreed upon, and overt acts to have been performed by "defendants." [1] These are, therefore, allegations against all defendants indiscriminately, and certainly must be read as including Wexman and Mandel, even though they may also have been acting as attorneys for some of the

---

[1] Paragraph 10 of the complaint, quoted above, contains additional allegations applicable only to defendants Wexman and Mandel.

other defendants. This happenstance does not clothe them with immunity from this type of action.

■ As was stated by the Court of Appeals for this Circuit in a federal case governed by Illinois law: "One may not use his license to practice law as a shield to protect himself from the consequences of his participation in an unlawful or illegal conspiracy." [2] Wahlgren v. Bausch & Lomb Optical Co., 68 F2d 660, 664 (7th Cir, 1934).

■ On the other hand, we cannot agree with plaintiff when he argues with oversimplification that all defendants, including Wexman and Mandel, are lumped together in the charges of the complaint; that since the trial court upheld the complaint against the motions to strike filed by the other defendants the complaint must, therefore, be upheld as to Wexman and Mandel also. Setting aside, as we have, their claim to exempt status as attorneys, there still remains the question as to whether or not the complaint alleges a cause of action as to these defendants. We believe it does.

Analysis of paragraphs 8–11 of the complaint, quoted above, indicates that evasion of the court order of January 4, 1961, is a key allegation, necessary to the statement of a cause of action for conspiracy.[3] We believe it is fair to say also that this point lies at the heart of defendants' motion to strike, wherein they claim that the order in question, which was entered in the citation proceedings, had lost its validity

---

[2] Lest an unwary reader conclude that we are making findings of fact that attorneys Wexman and Mandel participated in an unlawful conspiracy, we point out again that we are dealing not with facts established by evidence but, rather, with allegations of fact contained in the complaint.

[3] A conspiracy is a combination of two or more persons to accomplish by concerted action an unlawful purpose or a lawful purpose by unlawful means. See ILP Conspiracy § 2 and cases there cited.

prior to the date on which suit No. 60S 10300 was dismissed. By inference at least, a settlement of some sort was made in favor of plaintiff's judgment debtor, John Frederick. Apparently because of defendants' belief that the citation order was not then effective, no attempt was made to comply therewith.

Defendants' position in this regard is untenable for two reasons. First, there are adequate allegations of overt acts by the defendants in April 1961, at which time it is admitted that the citation order was in full force and effect.[4] Second, the citation order was still in effect on November 20, 1961, when the other suit was dismissed, and, for all that appears in this record, is still in effect at the present time.

■ Supplementary proceedings to discover assets of a judgment debtor are authorized by Section 73 of the Civil Practice Act. They were unknown at common law and are thus in derogation thereof, but in view of Section 4 of the Practice Act the statutory authorization is to be construed liberally rather than strictly.

Section 73 is quite lengthy and we shall not set it forth in this opinion except to note that a judgment creditor is entitled to prosecute supplementary proceedings for the purposes of discovering assets of his debtor and compelling their application toward payment of the judgment (par (1)); that when such assets are discovered, the court may order the judgment debtor to deliver them up and may enter any order upon the persons cited that could be entered in any garnishment proceeding (par 2(a), (d)); that persons cited may not dispose of property of the debtor until further order of court or the termination

---

[4] While this point, in itself, would require reversal, we shall consider the second point also, since we have no way of knowing what facts will be developed on trial, and, so far as possible, we wish to avoid the necessity of multiple appeals.

of the proceeding (par 4(a)); that appeal may be taken from any final order as in other civil proceedings (par (7)); and that the "procedure for conducting supplemental proceedings shall be prescribed by rules" (par (1)).

It is not disputed that the citation order in question was a proper exercise of the court's authority. It is argued, however, that its effect had terminated by application of Supreme Court Rule 24, adopted to prescribe rules of procedure for conducting supplementary proceedings. Paragraph (6) of this rule provides:

> A proceeding under this rule continues until terminated by motion of the judgment creditor, order of the court, or satisfaction of the judgment or decree, but in any event terminates automatically 6 months from the date of service of the citation by which it is commenced. However, the court may grant successive 30-day extensions.

Apparently all parties, as well as the trial court, were under the impression that this rule is applicable to a final order such as the one in question here. In this we believe they were mistaken.

The record shows that orders allowing thirty-day extensions of the proceedings were entered monthly commencing in June 1961 until such an order entered on November 1, 1961, was vacated (as to the Frederick group only) on November 3, 1961, for failure of plaintiff to serve proper notice. It is on this basis that defendants contend that the supplementary proceeding had terminated and that they were thereafter free to dispose of John Frederick's interest in suit No. 60S 10300 as they saw fit, and without regard to the citation order of January 4, 1961.

As we read paragraph (6) of the rule, it can be given no such application. As a rule of procedure it could not properly be interpreted as affecting the substance of a final order or decree subject to appeal as in other civil cases. It may not properly restrict the court's statutory authority to enter any order "that could be entered in any garnishment proceeding." (Section 73(2)(d) of the Civil Practice Act.) Unless it has no other meaning, it should not be understood to direct a cat-and-mouse game (such as seems to have been carried on here) between attorneys for the litigants, especially when the subject-matter of the final order concerned a lawsuit which might reasonably have been expected to pend for many years unless settled.

■ Bearing in mind that Rule 24 is restricted in its scope to the *"procedure* for conducting supplemental proceedings," (emphasis supplied) the time limitation of paragraph (6) thereof seems to have been adopted simply for the purpose of avoiding what could otherwise be a very real harassment, not only of the judgment debtor but also of third parties.[5] It is our opinion that paragraph (6) limits the time

---

[5] Rule 24 requires all parties cited to appear for examination before the court, master, notary, etc., and to produce books and records concerning property or income of the debtor. (Par (3).) That this could cause undue hardship is recognized in the rule itself when it directs the court to control the proceedings "to the end that the rights and interests of all parties and persons involved may be protected and harassment avoided." (Par (5).) Further, a second or subsequent supplementary proceeding with respect to the same judgment may not be commenced without leave of court, and then only upon a showing under oath that the creditor is acting in good faith "and not to harass the judgment debtor or third party." (Par (1).) Paragraph (4) also protects a third party from being compelled to appear in an inconvenient forum.

for conducting a "proceeding" under the rule, but does not limit the efficacy of a final order entered under the authority of Section 73.

We have devoted so much of this opinion to the point just made because, so far as we know, it has not previously been decided by a court of review, and because—judging by the case at bar—our conclusion may be at variance with trial court practice.

Assuming, then, that the citation order of January 4, 1961, was in effect throughout the entire period covered by the allegations in the complaint, we have no doubt that a cause of action is adequately stated.

■ Defendants also argue that the complaint is vague and indefinite, but when subjected to the test of Section 42(2) of the Practice Act, we believe that it is not faulty on this account, because it does contain "such information as reasonably informs the opposite party of the nature of the claim or defense which he is called upon to meet." Ill Rev Stats, c 110, § 42(2); Haymes v. Catholic Bishop of Chicago, 52 Ill App2d 140, 201 NE2d 675; Kita v. Young Men's Christian Ass'n of Metropolitan Chicago, 47 Ill App 2d 409, 198 NE2d 174.

The order dismissing the cause as to defendants Wexman and Mandel is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded cross appeal dismissed.

DRUCKER and McCORMICK, JJ., concur.