HOTPOINT, a Division of GENERAL ELECTRIC COMPANY, Plaintiff-Appellee, *v.* GRANITE CITY FURNITURE, INC., Defendant.—(MARYLAND CASUALTY COMPANY, Appellant.)

Fifth District   No. 79-192

Opinion filed September 12, 1979.

Kenney, Leritz, & Reinert, of St. Louis, Missouri (David M. Duree, of counsel), for appellant.

Leo V. Garvin, Jr., of Fordyce & Mayne, of St. Louis, Missouri, for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

Maryland Casualty Company appeals from the order of the Circuit Court of Madison County denying its motion to quash service of summons and ordering a judgment rendered January 12, 1979, to remain in effect.

In November 1978, plaintiff, Hotpoint, a division of General Electric Company, obtained a judgment in the Circuit Court of Madison County

in the amount of $3,166.72 plus interest against Granite City Furniture, Inc., upon its petition for registration of a foreign judgment. Failing to receive satisfaction of the judgment, plaintiff initiated supplementary proceedings to discover assets of Granite City Furniture. On January 12, 1979, Granite City Furniture complied with a citation to discover assets issued by the clerk of the court and consented to an entry of an order of the same date. That order stated that there was an action pending in the United States District Court, Southern District of Illinois, brought on behalf of Granite City Furniture against the present appellant, Maryland Casualty, to recover monies under a fire insurance policy. The January 12 order thereafter provided:

> "That Maryland Casualty Company be hereby compelled to deliver up to the Sheriff of Madison County, Illinois any and all moneys to be paid to Granite City Furniture, Inc., Earl Babbs and/or Gilbert Walterman [individuals d/b/a Granite City Furniture] as a result of the satisfaction of a judgment or the settlement of the action pending in the United States District Court * * * to be applied in satisfaction of the judgment herein in whole or in part."

On January 16, 1979, a copy of this judgment order was served upon Maryland Casualty in the City of St. Louis. Thereafter, on February 8, 1979, Maryland Casualty filed a special appearance and moved to quash service of summons and set aside the order of January 12. On February 16, 1979, the court denied the motion and ordered the judgment order of January 12 to remain in effect.

On appeal, Maryland Casualty first contends that the trial court erred in ordering the January 12 judgment against it to remain in effect because it was rendered without obtaining personal jurisdiction over Maryland Casualty, without notice to the company and without affording the company a hearing. Hotpoint, however, maintains that the January 12 order was proper because it merely restrained Maryland Casualty from settling the lawsuit or satisfying a judgment by means of a direct payment to the judgment debtor in accordance with section 73(4)(b) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 73(4)(b)), which provides for a court enjoining an entity not a party to the supplementary proceedings from transferring or otherwise disposing of property belonging to the debtor. In response to this allegation, Maryland Casualty argues that even if the January 12 order can be construed as an injunction it still must be set aside as it was issued without the requisite findings mandated by the Injunction Act (Ill. Rev. Stat. 1977, ch. 69, par. 1 *et seq.*).

■■ Under section 73 of the Civil Practice Act, a judgment creditor is entitled to prosecute a supplementary proceeding for the purpose of examining the judgment debtor or any other person to discover

nonexempt income and assets of the debtor and to compel the application of such nonexempt funds and property toward the satisfaction of the judgment. As part of this proceeding, a court may enjoin a person not a party to the supplementary proceeding "from making or suffering any transfer or other disposition of, or interference with, the property of the judgment debtor, or the property or debt concerning which any person is required to attend and be examined until further direction in the premises." (Ill. Rev. Stat. 1977, ch. 110, par. 73(4)(b).) An injunction order under this section is not permanent in nature but expires no later than the termination of the supplementary proceeding. (Ill. Rev. Stat. 1977, ch. 110, par. 73(4)(b).) Under subsection (f) of Supreme Court Rule 277 (Ill. Rev. Stat. 1977, ch. 110A, par. 277(f)), such a proceeding terminates automatically 6 months from the date of a respondent's first personal appearance unless the court, in its discretion, grants an extension. Although we find no case law interpreting the purpose or nature of an injunction under section 73, it is clear that subsection 4(b) was enacted to maintain the status quo of the parties and to prevent any fraudulent transfer or concealment of nonexempt property while a creditor discovers the assets and income of the judgment debtor. In essence, this subsection provides for a negative injunction in the nature of a temporary restraining order or preliminary injunction.

■■ Clearly then, the alleged injunction contained in the January 12 order is beyond the scope contemplated by the legislature. Such order was not issued to maintain the status quo, nor was it temporary in nature. It was phrased in language of a permanent mandatory injunction and was, in effect, a personal judgment rendered against the appellant. To permit such an order to stand would thus not only exceed the statutory language of section 73(4)(b) but violate due process as well, as it was issued without obtaining personal jurisdiction over Maryland Casualty, and without giving it notice or an opportunity to be heard. As we stated in *Hale v. Hale* (1978), 57 Ill. App. 3d 730, 742, 373 N.E.2d 431, 400:

> "Procedural due process requires that every man shall have the protection of his day in court and the benefit of an orderly proceeding according to established rules and general law; and that the hearing shall not be arbitrary, but rather, shall afford to him an opportunity to be heard in his defense, and shall assure to him an inquiry on the issues of the case."

We therefore hold that the trial court erred in refusing to set aside the judgment order of January 12, 1979, as it pertained to Maryland Casualty. Accordingly, the order of the Circuit Court of Madison County is reversed.

Reversed.

JONES and KASSERMAN, JJ., concur.