*In re* MARRIAGE OF ARTHUR L. MOSTOW, Petitioner-Appellee, and LOIS C. MOSTOW, Respondent-Appellee (Feiwell, Galper & Lasky, Ltd., Petitioner-Appellant).

First District (4th Division)   No. 82—2144

Opinion filed July 19, 1984.

Feiwell, Galper & Lasky, Ltd., of Chicago, *pro se* (George S. Feiwell and Craig P. Ehrlich, of counsel), for appellant.

Jerome H. Torshen, Ltd., of Chicago (Mark K. Schoenfield, of counsel), for appellee Lois C. Mostow.

JUSTICE ROMITI delivered the opinion of the court:

Petitioner-appellant Feiwell, Galper & Lasky, Limited (Feiwell), appeals from an order of the circuit court of Cook County denying Feiwell's petition for a turnover order. It was undisputed that Feiwell had properly obtained a judgment for fees against Arthur L. Mostow (whom Feiwell had represented in a marriage dissolution action still pending at the time of Feiwell's petition) and had taken all steps necessary to perfect its judgment lien against Arthur's interest in the marital home. However, the circuit court refused to rule on the petition until it had entered a decree of dissolution in which Arthur's one-half interest in the marital home was awarded to respondent-appellee Lois C. Mostow. The court then denied the petition for a turnover order, finding in part that granting the petition would be harmful to the interests of the Mostows' children. Feiwell contends on appeal that the circuit court did not possess the discretionary authority to deny its petition under the circumstances.

We reverse and remand for further proceedings.

Feiwell represented Arthur in the marital litigation until November 1981. On December 31, 1981, Feiwell filed its petition for award of attorney fees and costs before the Honorable Robert C. Buckley. Lois Mostow was notified of the petition but did not appear at the hearing. On January 25, 1982, Feiwell was awarded fees and costs totalling $38,903.48. Five days earlier Lois Mostow had obtained an order appointing a receiver to manage certain companies owned and controlled by Arthur and enjoining him from transferring, encumbering, or otherwise disposing of any of the marital property, including the marital home, a 15-room building located on 8½ acres in Highland Park. American National Bank and Trust Company was the trustee of land trust No. 29488, which held title to the home, with the trust's beneficial interests owned 50% by Arthur and 50% by Lois. It would appear that this was the only known asset of Arthur's with any equity value.

On March 19, 1982, Feiwell instituted supplementary proceedings to enforce its judgment by causing a citation to discover assets to be served on American National Bank as trustee of the land trust. (Ill. Rev. Stat. 1983, ch. 110, par. 2—1402.) On April 2, 1982, Feiwell filed before the Honorable Charles J. Fleck, Jr., a petition for a turnover order, directing the bank to turn over Arthur's beneficial interest in the marital home to the sheriff for sale, with the proceeds to be applied toward satisfaction of the judgment due Feiwell. An amended petition was filed on April 19, 1982, after Feiwell had placed a writ of execution with the sheriff. The trial court denied Feiwell's request

that distribution of the marital property be postponed until the petition could be ruled upon.

Lois Mostow had objected to the petition because, *inter alia*, the judgment order of January 25, 1982, had failed to state that there was no just reason to delay enforcement of the order. Accordingly, an amended order reciting the requisite language under Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)) was entered on May 17, 1982. That same day a new citation to discover assets was served upon American National Bank as trustee and another writ of execution was placed with the sheriff. Feiwell then filed a second amended petition for a turnover order. On May 20, 1982, Feiwell served a citation to discover assets on Arthur and on May 28, Feiwell filed its third amended petition for a turnover order, asking that American National Bank and/or Arthur be directed to turn over Arthur's beneficial interest to the sheriff. That same day the trial court entered its judgment for dissolution of marriage, in which it awarded the marital home to Lois, and ordered Arthur to convey his interest in the home to Lois, finding that:

> "Because the marital residence is marital property and under the jurisdiction of this Court, and since the marital residence has been awarded to Lois Mostow and therefore, Arthur Mostow no longer has any interest in said property to turnover; and further, in light of the insolvent nature of the marital estate and the needs of the minor child and the psychiatrically impaired other children, a turnover order would be adverse to the proper interests of the minor and adult children and the family."

The court then denied Feiwell's third amended petition and subsequently denied its motion to reconsider that denial.

■■ ■ Under section 508 of the Illinois Marriage and Dissolution of Marriage Act, the court is authorized to order the payment of attorney fees and costs by either spouse. (Ill. Rev. Stat. 1983, ch. 40, par. 508.) The court may order that payment be made directly to the attorney and that attorney may enforce the order in his name, with judgment to be entered and execution levied accordingly. In this cause it is undisputed that at least as of May 17, 1982, the date of the entry of the amended judgment order for fees, Feiwell had properly obtained such a judgment against Arthur. On this same date Feiwell established its lien on Arthur's interest in the marital home by serving a citation to discover assets on American National Bank as trustee of the land trust holding title to the realty. Ill. Rev. Stat. 1983, ch. 110, par. 2—1402; *Mid-West National Bank v. Metcoff* (1974), 23 Ill. App.

3d 607, 319 N.E.2d 336; *Bank of Broadway v. Goldblatt* (1968), 103 Ill. App. 2d 243, 247, 243 N.E.2d 501, 503.

■ In denying Feiwell's request for execution on the judgment despite the existence of a valid judgment and lien, the trial court suggested that because it had awarded the marital residence to Lois that property could not be the subject of a turnover order. But in fact any transfer of Arthur's interest in that home was subject to the lien previously established by Feiwell. (*Sterling Savings & Loan Association v. Schultz* (1966), 71 Ill. App. 2d 94, 218 N.E.2d 53.) Respondent-appellee has apparently abandoned this rationale on appeal but does contend that the court could have recognized an inchoate marital interest on her part in Arthur's half-interest in the home, citing *Hofmann v. Hofmann* (1983), 94 Ill. 2d 205, 446 N.E.2d 499.) The *Hofmann* case held that a husband could not defeat his wife's marital interest in property by conspiring to fraudulently allow a forfeiture of the property to his parents prior to the entry of the decree of dissolution. The court so held while recognizing the general rule, stated in *Kujawinski v. Kujawinski* (1978), 71 Ill. 2d 563, 376 N.E.2d 1382, that the Illinois Marriage and Dissolution of Marriage Act does not purport to affect property interests during marriage. No fraud is at issue here and in our view the narrow holding of Hofmann is inapplicable to this cause. We also find no significance to the fact, cited by Lois, that Arthur had been enjoined from transferring his interest in the home. It was the circuit court that was being asked to effectuate this transfer by means of the turnover order, not Arthur on his own motion.

■ The circuit court also indicated that in denying the petition it was exercising its discretion and was taking into consideration the needs of the Mostows' children. We find no basis in the law for such an exercise of discretion with respect to the execution of a validly created judgment lien. Lois suggests that this discretionary authority flows from the court's authority to award attorney fees in the first instance, citing case law holding that in awarding such fees the court is to take into consideration such factors as the division of the marital property. (*Olsher v. Olsher* (1979), 78 Ill. App. 3d 627, 397 N.E.2d 488.) But in this cause we are not concerned with the decision to grant attorney fees. That decision was made in an earlier proceeding by Judge Buckley, and it has not been challenged on appeal. It was at that hearing that the discretion of the trial court was to be exercised. The Illinois legislature has provided for a simplified procedure by which a lawyer may enforce, in a supplemental proceeding, a judgment for fees obtained in a matrimonial case. (Ill. Ann. Stat. ch. 40, par. 508, Historical and Practice Notes, at 640 (Smith-Hurd 1980), Ill.

Rev. Stat. 1983, ch. 110, par. 2—1402.) We find that the circuit court lacked the authority to effectively deny appellant the use of this procedure by denying his petition for the turnover of the only substantial asset owned by the judgment-debtor. Accordingly the order of the trial court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

JOHNSON and JIGANTI, JJ., concur.