In re GUS HORMOVITIS & GEORGE KARAHALIOS, a partnership, d/b/a Hormovitis & Karahalios, et al.; Gus Hormovitis; George Karahalios; and Constantine Petropoulos and Angie Petropoulos, Debtors.

Bankruptcy Nos. 83 B 534, 83 B 3564, 83 B 3563 and 83 B 2392.

United States Bankruptcy Court, N.D. Illinois, E.D.

Dec. 20, 1985.

David Leibowitz, for movant, Paul Angelacos.

Sheldon L. Solow, for creditor, Code Engineering Co.

### Memorandum and Order

JOHN D. SCHWARTZ, Bankruptcy Judge.

This matter is before the Court on the motion of Paul Angelacos "To Enforce Court's Order Confirming Sale". Paul Angelacos is the purchaser of "the trustee's right, title, and interest in and to the beneficial interest of Land Trust LT 867 [First National Bank of Mount Prospect as Trustee under Trust 867 dated November 29, 1976, hereafter Mount Prospect Bank and Land Trust 867] and the Property commonly known as The American Table Restaurant...." "Such sale includes ... all of the trustee's rights of redemption as owner ... and ... as a judgment lien creditor under the foreclosure sale." (¶¶ 1 and 2 of the February 27, 1985 order confirming sale to Angelacos, Exhibit A to Motion.) The motion seeks "protection against the wrongfull and invalid attempt to redeem the subject real estate by Code Engineering Company, Inc." ("Code") (Motion at 1).

A review of the history of these cases is necessary to have an understanding of what has transpired and the purpose for which the Motion was filed.

Title to the real estate in question ("Property") is held in Land Trust 867 at the Mount Prospect Bank. The Property is improved with a restaurant.

On October 1, 1982 (or on October 13, 1982 as the debtors claim), Code obtained a judgment against Constantine Petropoulos, Angie Petropoulos, Peter Kontas, Christina Kontas, Gus Hormovitis and George Karahalios ("Final Judgment Order"). The Final Judgment Order finds that the foregoing defendants are jointly and severally liable to Code in the sum of $225,957.17. Contrary to the stipulation filed with this Court on June 29, 1983 (docketed November 29, 1983) by the debtors, Code, and Mount Prospect Bank, there is no judgment against Land Trust 867 though the heading of the Final Judgment Order names the Mount Prospect Bank, Trustee under Trust No. LT 967 [sic] as a defendant. (The Final Judgment Order is Appendix A* to this Memorandum and an Exhibit to the Complaint filed by Code in 83 A 260.)

Following the entry of the judgment, Code proceeded to attempt collection and on October 20, 1982, a citation was issued against certain of the judgment creditors. It is not clear from the record who was served with this citation. On January 10, 1983, Code obtained the Amended Order from the Circuit Court for the sale of the beneficial interest in Land Trust 867. (Appendix B to this Memorandum.) However, on January 13, 1983, Gus Hormovitis and George Karahalios, a partnership d/b/a

* Ed. Note. Appendixes A and B were not designated for publication.

Hormovitis & Karahalios commenced case no. 83 B 534 under Chapter 11 of the Bankruptcy Code (Title 11 U.S.C.). This partnership owned two-thirds of the beneficial ownership of Land Trust 867. (See Schedule B–2 of the Partnership Schedules.) On February 18, 1983 Constantine Petropoulos and Angie Petropoulos commenced their case no. 83 B 2392 under Chapter 11 of the Bankruptcy Code. Their schedules indicate that they are the owners of a one-third interest in Land Trust 867. On March 16, 1983, Gus Hormovitis and George Karahalios commenced individual cases under Chapter 11, numbered 83 B 3563 and 83 B 3564, respectively. On March 24, 1983, case nos. 83 B 3563 and 3564 were consolidated with 83 B 534.

On January 28, 1983, Code commenced an adversary proceeding against the Partnership (83 A 260) setting forth its Final Judgment Order of October 1, 1982 as well as the January 10, 1983 Amended Order of the Circuit Court. The Amended Order required that the debtors assign their interest in Land Trust 867 to the Sheriff of Lake County and absent such assignment by Wednesday, January 12, 1983, any judge to whom the matter might be assigned could do so. The commencement of the Partnership case no. 83 B 534 prevented the assignment. Section 362 of the Code (11 U.S.C. § 362) provides in part: "... a petition filed under sections 301, 302, or 303 of this title ... operates as a stay ... of (1) the commencement or continuation ... of a judicial proceeding against the debtor ...; (2) the enforcement, against the debtor or against property of the estate, of a judgment ...".

The Amended Order of January 10, 1983 was directed to the individual judgment debtors. Angelacos asserts that a citation was issued and served on the debtors only. (Angelacos' Memorandum in Support of Motion at 2.) In its pleadings, Code admits that it is not a creditor of the Mount Prospect Bank as Land Trustee, thereby implying that no citation was served. (Code's Memorandum in Opposition at 8.)

On March 3, 1983 the Mount Prospect Bank, not as Land Trustee, but as the holder of a note secured by the Property, commenced two adversary proceedings, 83 A 662 within the Petropoulos case (83 B 2392) and 83 A 663 within the Partnership case (83 B 534). In both complaints the Mount Prospect Bank prayed for a modification of the § 362 stay in order to proceed with a foreclosure against the Property.

The complaint in 83 A 662 and 83 A 663 is substantially similar. Paragraph 10 of the complaint alleges that the Property is subject to the lien of the Mount Prospect trust deed given to secure the Bank's note and that Code has a judgment lien pursuant to the order of October 1, 1982. The answer denied the existence of the Code lien. (The Court is unable to locate the answer of the defendants to 83 A 663. It is assumed that a like answer was filed in that case.)

All three of the adversary proceedings, 83 A 260, 83 A 663 and 83 A 664 were consolidated for trial purposes. On June 29, 1983 a stipulation was filed and an agreed order entered which provided in ¶ 7: "In the event no sale [of the Property] is consummated by January 1, 1984, the automatic stay is modified, without further court appearance or notice, *to allow First National Bank of Mount Prospect to foreclose its mortgage lien in state court and to file a report of sale in the bankruptcy court*" (emphasis added).

No sale was consummated by January 1, 1984 and the Mount Prospect Bank commenced foreclosure proceedings.

On January 24, 1984, Joseph Cohen's appointment as Trustee was approved in 83 B 534, 3563, and 3564 pursuant to the order directing the United States Trustee to appoint a trustee. On December 19, 1984, case nos. 83 B 534, 3563 and 3564 were converted to proceedings under Chapter 7 and Cohen accepted his appointment as Trustee on February 8, 1985. Case no. 83 B 2392 was likewise converted on January 24, 1984 and Cohen accepted his appointment as interim trustee on March 5, 1984.

Mount Prospect Bank's foreclosure proceeding resulted in a decree of foreclosure and a sale of the Property by the Lake County Illinois Sheriff on December 24, 1984.

Subsequent to that sale Tony Bellino offered to purchase the Trustee's right, title, and interest in all of the estates in Land Trust 867 and the Property for $20,000.

On February 27, 1985, Cohen presented a joint motion in all four cases to sell his right, title and interest as trustee of the above estates in the Property and in the Mount Prospect Bank Land Trust 867, which right included all rights of the trustee to redeem from the Mount Prospect Bank's foreclosure sale.

It became apparent at the February 27, 1985 hearing that Bellino had made his peace with Code and the Mount Prospect Bank. Mount Prospect Bank advised the Court that it had committed funds to Bellino and no other. Code, through its attorney, Kabaker, advised the Court that Code had also made appropriate arrangements with this prospective purchaser. Additional parties appeared at this hearing, one of which offered an increase in the purchase price of one hundred percent (100%). The Court readily admits that during these proceedings the Court perceived that Code was attempting to secure from the Court the approval of Bellino's offer in order to improve what appears to be its unsecured creditor position to that of a creditor holding a lien on the Property and on the beneficial interest of Land Trust 867. If such a lien existed it would denigrate the trustee's rights vis-a-vis property of the estate. (The Court's reference to an odiferous rodent, though indelicate, expressed the Court's perceptions of this situation which appear now to be accurate.)

At the February 27, 1985 hearing the Trustee's interest was sold to the highest bidder, Paul Angelacos, for $40,000. An order was entered confirming the sale to Angelacos. That order provided in part as follows:

3. In the event that any lien creditor attempts to redeem the Property, all ad-

ditional amounts in excess of that owed to the Bank shall be placed in escrow by the trustee, pending further order of court, subject to the rights and powers of the trustee to avoid any transfer by which the alleged lien claim was obtained.

On June 11, 1985, Code caused the Circuit Court Clerk's office to issue an execution on its October 1, 1982 Final Judgment Order and deposited same with the Sheriff of Lake County Illinois in order that it might redeem from the foreclosure sale. Code's actions precipitated Angelacos' Motion to enforce the February 27, 1985 order confirming the sale.

In his motion, Angelacos asserts that Code has no lien against the Property, and that Code is not a judgment creditor entitled to redeem the Property subsequent to the Bank's foreclosure. Code claims that it properly obtained an execution of its judgment against the debtors and that the sale of the Trustee's rights in the Property does not extinguish its rights of redemption as a judgment creditor.

This matter is a core proceeding because it concerns "orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate." 28 U.S.C. § 157(b)(2)(N). The order specifically provided that in the event of redemption by a creditor, any monies in excess of the amount owed the Mount Prospect Bank would be placed in escrow by the Trustee "pending further order of the Court". Moreover, this Court has the authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Angelacos, the purchaser, is entitled to rely on this Court's record, and the Court has not only the power, but the duty to protect the integrity of its proceedings.

The resolution of this dispute turns on Code's interest, if any, in the Land Trust 867, or the Property, or both at the time of the commencement of the bankruptcy pro-

ceedings on January 13, 1983 and February 18, 1983. If Code had no lien attaching to the beneficial interest of Land Trust 867 or to the Property on those two dates, Code has no secured interest to protect. If Code had such a lien, then a court must determine what rights Code retained after the sale of the Trustee's interests *absent the issuance of the execution on June 11, 1985.*

■ Code seeks to satisfy a judgment against the debtors by executing against the Property, the res of Land Trust 867, of which the debtors are the sole beneficiaries. In Illinois, beneficiaries of a Land Trust hold no legal or equitable title in the real estate itself. *Sterling Savings and Loan Ass'n v. Schultz*, 71 Ill.App.2d 94, 106, 218 N.E.2d 54, 60 (1966). Rather, the beneficiaries' interest in the Land Trust is intangible personal property. *Kaiser-Ducett v. Chicago-Joliet Livestock*, 86 Ill. App.3d 216, 218, 41 Ill.Dec. 651, 653, 407 N.E.2d 1149, 1151 (1980), and the legal and equitable interests in the real estate are held by the Land Trust. *Sterling*, supra.

The Illinois statute regarding liens attaching to real estate provides: "a judgment is a lien on real estate of the person against whom it is entered". Ill.Rev.Stat. ch. 110 ¶ 12–101 (1984).

■ Code asserts that it has a valid lien against the Land Trust because it received a judgment in its favor against the debtors, the beneficiaries of the Land Trust. However, because the debtors have no legal or equitable interest in the Property owned by the Land Trust, Code's judgment cannot create a lien on this Property. *Sterling*, 71 Ill.App. at 107, 218 N.E.2d at 60.

■ In order for a lien to attach to the beneficial interest of a land trust, the creditor must issue and serve a creditor's bill or a citation to discover assets on the Land Trust pursuant to ¶ 2–1402 of the Illinois Civil Practice Act, Ill.Rev.Stat. ch. 110, ¶ 2–1402 (1984). *General Telephone Co. of Illinois v. Robinson*, 545 F.Supp. 788, 797 (C.D.Ill.1982), *In re Lapiana*, 31 Bankr. 738, 742 (Bankr.N.D.Ill.1983), *citing In re*

*Marriage of Rochford*, 91 Ill.App.3d 769, 46 Ill.Dec. 943, 414 N.E.2d 1096 (1st Dist. 1980); *Kaiser-Ducett Corp. v. Chicago-Joliet Livestock Marketing Center, Inc.*, 86 Ill.App.3d 216, 41 Ill.Dec. 651, 407 N.E.2d 1149 (3d Dist.1980); *Levine v. Pascal*, 94 Ill.App.2d 43, 236 N.E.2d 425 (1st Dist. 1968).

The record is devoid of proof of such service. As noted earlier, the January 10, 1983 Amended Order refers to a citation served on the debtors and on Mount Prospect Bank as Land Trustee. However, the arguments of both Angelacos and Code are based on the assumption that Mount Prospect Bank was not served.

Because of the ambiguities in the record and the absence of proof of the issuance and service of Code's October 20, 1982 citation on Mount Prospect Bank, the Court cannot find that Code had a valid lien on the beneficial interest of the Land Trust as of January 13, 1983 and February 18, 1985, the dates these bankruptcy cases commenced. Clearly Code had no lien on the Property.

■ However, under any circumstances Code's issuance of the execution on its judgment after the commencement of the bankruptcy cases constitutes a violation of the automatic stay. 11 U.S.C. § 362(a). Such actions are deemed *void ab initio. Borg-Warner Acceptance v. Hall*, 685 F.2d 1306, 1308 (11th Cir.1982). By causing the issuance of the execution and placing it with the Lake County Sheriff, Code sought to upgrade its rights in and to the property of the estate in order to come ahead of those of the trustee. Such maneuvering on the part of Code to circumvent this Court's process and the provisions of the Bankruptcy Code should not be permitted.

The Court is left with no alternative but to find and determine that Code violated the § 362 automatic stay by securing the issuance of the execution on its Final Judgment Order and placing same with the Lake County Sheriff.

NOW THEREFORE IT IS ORDERED that Code be and it is hereby directed to

withdraw the execution issued on its October 1, 1982 Final Judgment Order and placed with the Sheriff of Lake County and to cause same to be canceled and held for naught.

IT IS FURTHER ORDERED that Code is to file proof of compliance with this order with this Court on or before January 6, 1986 (a copy of which is to be delivered to Chambers).

IT IS FURTHER ORDERED that the time within which this Order may be appealed is extended to January 10, 1986, and that in the event of an appeal of this Order, the full cost of the redemption of the Property, approximately $450,000, as well as the $40,000 paid by purchaser to the Trustee pursuant to the order of February 27, 1985, will be considered in the setting of an appeal bond.

IT IS FURTHER ORDERED that the Court will hold a status hearing on compliance with this Order on January 9, 1986 at 11:00 a.m.