**In re Jack E. FOWLER and Ginger Fowler, Debtors.**

**Bankruptcy No. 87 B 10111.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Aug. 26, 1988.

James L. DeVries, Blue Island, Ill., for debtors.

Phillip D. Levey, Chicago, Ill., Trustee.

Joel A. Schechter, Grossman, Mitzenmacher & Schechter, Chicago, Ill., for Northern Trust Co.

## MEMORANDUM OPINION AND ORDER

DAVID H. COAR, Bankruptcy Judge.

This cause coming on to be heard on the Trustee's objection to the lien claim of the Northern Trust Company [Northern], and the Court, having considered the record and pleadings on file, having considered the memoranda of law submitted by the parties in support of their respective positions, and being fully advised in the premises, now enters its ruling;

This is a core proceeding over which the Court has jurisdiction, pursuant to 28 U.S. C. § 157(b)(2)(K). For the reasons set forth below, the Trustee's objection to the lien claim of Northern is sustained, and the following constitutes the Court's findings of fact and conclusions of law, pursuant to Bankruptcy Rule 7052.

## BACKGROUND

The basic facts underlying this action are undisputed. On April 8, 1986, Northern obtained a judgment for $7,322.01 against

the debtors in the Circuit Court of Cook County, Illinois in Case No. 85 M1–167902. On May 9, 1986, Northern caused the Clerk of the Circuit Court to issue a Citation to Discover Assets directed to the debtors and Ford City Bank and Trust Company [Ford City]. The citation was served on Ford City on or about May 29, 1986. Ford City answered that, under Trust Agreement No. 1997 dated December 13, 1977, it held legal title to real property located at 6459 West 83rd Street, Burbank, Illinois for the benefit of the debtors.

On July 16, 1986, upon the motion of Northern, the Circuit Court entered an order enjoining Ford City from conveying the property or effecting any change of the beneficial interest without further order.[1]

The debtors, Jack and Ginger Fowler, filed their voluntary Chapter 7 petition on July 10, 1987. The sole asset in the Fowler estate was the single family home located at 6459 West 83rd Street, Burbank, Illinois which was the res of Trust No. 1997.

On or about September 21, 1987, this Court authorized the Trustee to sell the debtors' interest in the trust free and clear of all liens and claims of exemption with all liens attaching to the proceeds of the sale. Pursuant to that authorization, the Trustee sold the interest on or about September 23, 1987.

By virtue of the citation proceedings and the July 16, 1986 order of the Circuit Court of Cook County, Northern asserts a lien claim to the proceeds of the sale of the debtors' interest in the land trust. The Trustee has filed an objection to the claim which does not contest the amount sought by Northern, but rather, attacks Northern's status as a lien holder.

## DISCUSSION

The Trustee's objection to the lien claim arises from a dispute as to the effect and duration of a court order issued pursuant to the citation to discover assets[2] of the debtors. The Trustee claims that the Circuit Court order of July 16, 1986 did not create a lien on the discovered beneficial interest in the land trust, but rather merely restrained the transfer of the interest. The Trustee also contends that the injunction automatically terminated six months from the date of Ford City's response to the citation.

For its part, Northern claims that the July 16, 1986, order placed Northern in the position of a judgment lien creditor and restrained the alienation of the beneficial interest of the trust and the title to the property without further order of the state court. Northern also contends that a lien resulted from the service of the summons in the citation proceeding without respect to the July 16, 1986 order. Northern's position assumes that the state court injunction and/or the lien continue in force.

1. The state court order, attached as exhibit B to the Trustee's objection, states:
   This cause coming on to be heard on the motion of plaintiff on the return day of a Citation to Discover Assets of Jack E. Fowler, Jr., and Charlotte Ginger Fowler, original defendants herein, and it appearing to the court that all said defendants having been duly served with citation summons; and that Ford City Bank & Trust Co., as trustee under Trust #1997, has filed with the clerk of this court documents indicating that it holds the real property, commonly known as 6459 W. 83rd St., which property is the homestead of the above-described original defendants, subject to the direction of said original defendants, and that such defendants are still indebted to the plaintiff herein in the sum of $7,322.01. It is ordered that: Supplemental Citation Defendant, Ford City Bank & Trust Co., as trustee under Trust #1997, that said Bank not honor any additional conveyance or encumbrance or effect any change in the beneficial

interest of original defendants herein without further order of this Court and is enjoined from changing the beneficial interest or the power of direction in the Trust.

2. A "citation to discover assets" is a supplementary proceeding designed to aid a judgment creditor in discovering a defendant's property and applying it in satisfaction of a judgment. *Matter of Stoner*, 7 B.R. 240 (N.D.Ill.1980). This is an extraordinary remedy, essentially equitable in character, intended to reach recalcitrant or dishonest debtors who are able but unwilling to satisfy judgments against them. § 2–1402, Ill.Ann.Stat., Ch. 110, Historical and Practice Notes, p. 864 (Smith–Hurd, 1985). And although authorization for supplementary proceedings to discover assets is in derogation of common law, it is to be construed liberally rather than strictly. *Celano v. Frederick*, 54 Ill.App.2d 393, 203 N.E.2d 774 (1st Dist.1964).

*Creation of a Lien.*

The Trustee cites *General Telephone Co. of Illinois v. Robinson*, 545 F.Supp. 788 (C.D.Ill.1982), for the proposition that a citation to discover assets does not create a lien on discovered property. In *Robinson*, the district court observed that Illinois law was unclear as to the effect of a citation to discover assets and believed the legislature should clarify the matter. *Id.* at 797. The court noted that "it [was] apparent that the authorities conflict[ed] on the question of whether a lien can be created by instituting a citation proceeding." *Id.* While the court held that no lien was created solely by the institution of a citation proceeding, it also concluded that "a citation proceeding *should* give rise to a lien on personal property." *Id.* at 797 (emphasis added). Thus, the Trustee concludes that Northern is incorrect in asserting that under Illinois law the commencement of a citation proceeding creates a lien on the debtor's intangible personal property.

While it may be true that at the time *Robinson* was decided the authorities conflicted on this issue, it is now clear in this district that citation proceedings do create a lien and compel the assets discovered to be used towards the satisfaction of the judgment. *See In the Matter of Stoner Investments, Inc.*, 7 B.R. 240 (N.D.Ill. 1980). In *Stoner*, the court held that "the citation to discover assets procedure compels the application of the assets discovered to the satisfaction of the judgment by creating a lien upon the intangible personal property of the defendant." *Id.* at 241. Moreover, in *In re Gus Hormovitis and George Karahalios*, 57 B.R. 471, 475 (N.D. Ill.1985), the court held that "[i]n order for a lien to attach to the beneficial interest of a land trust, the creditor must issue and serve a creditor's bill or a citation to discover assets on the Land Trust pursuant to ¶ 2–1402 ..." (citations omitted).[3]

The Bankruptcy Court for the Northern District of Illinois has consistently held that a citation to discover assets, or an order issued pursuant to a citation proceeding, creates a lien on the discovered property of the judgment debtor. *See In re Johnson*, 24 B.R. 751 (N.D.Ill.1982); *In re Lapiana*, 31 B.R. 738 (N.D.Ill.1983); *In re Foluke*, 38 B.R. 298 (N.D.Ill.1984); *In re Gus Hormovitis and George Karahalios*, 57 B.R. 471 (N.D.Ill.1985); *In re Einoder*, 55 B.R. 319 (N.D.Ill.1985).

These cases make clear that the purpose of a citation proceeding is to aid a judgment creditor in discovering the debtor's property and applying it in satisfaction of a judgment by creating a lien on the intangible personal property of the judgment debtor. *See Stoner*, 7 B.R. at 241. Thus, the commencement of the citation proceedings by Northern created a lien on the debtors' interest in Trust No. 1997.

Northern's argument that an injunction order also created a lien is difficult to comprehend. Rather than attempt to decipher what the bank intended, for purposes of this opinion the Court will assume arguendo that Northern is correct and the July 16, 1986 Order is additional and independent authority for the existence of a lien.

*The Effect of Termination of the Proceeding.*

Having recognized that the beneficial interest in the land trust was subject to a lien in favor of Northern at the commencement of the citation proceeding, the Court must determine the duration of that lien. Supplementary proceedings initiated by a citation to discover assets terminate either by order of the court, satisfaction of the judgment, or automatically six months from the citation defendant's appearance, whichever method occurs first. § 277(f), Ill.Ann.Stat., Ch. 110A, (Ill.S.Ct.Rule 277(f)), and ¶ 2–1402(d), Ill.Ann.Stat., Ch. 110 (Ill.Code Civ.Proc. § 2–1402(d)) (Smith–Hurd, 1985).[4]

---

**3.** There is no dispute as to whether the citation to discover assets was served on the land trust, which, presumably, was accomplished in this case by service upon Ford City, on or about May 29, 1986.

**4.** § 277(f), Ill.Ann.Stat., Ch. 110A (Supplementary proceedings) provides:
    (f) When Proceeding Terminated. A proceeding under this rule continues until terminated by motion of the judgment creditor, order of the court, or satisfaction of the judgment, but termi-

The parties are apparently in agreement that the citation proceeding ended automatically six months from the date it commenced. Although the precise date on which the citation proceeding termination is not clear, the parties do not appear to dispute the fact that the proceedings terminated prior to the order for relief in this case. They disagree, however, as to the effect of that termination on the restraining order and the lien created by the citation to discover assets.

A. Termination of the Restraining Order.

■ The language of ¶ 2–1402(d) suggests that the Illinois legislature intended that injunction orders terminate upon termination of the citation proceeding. The order issued on July 16, 1986, by the Circuit Court of Cook County is certainly an injunction order.[5] It is also certain that it is not an order for the payment of money which by the express provision of ¶ 2–1402(d)(2) would survive the termination of the proceeding. Therefore one would be hard pressed to rationally conclude that this order is not within the scope of the plain meaning of the statute.

Nevertheless, Northern argues that the termination of the citation proceeding in no way affected the July 16, 1986 order. Northern attempts to distinguish between the type of orders contemplated in ¶ 2–1402(d)(1) and (2) and "final" orders, citing *Celano v. Frederick*, 54 Ill.App.2d 393, 203 N.E.2d 774 (1st Dist.1964). Northern is correct that in *Celano* the Illinois

Appellate Court recognized such a distinction. But the order in *Celano* was an order to pay money and not an order maintaining the status quo "until further order ..." The appellate court simply held that termination of a citation proceeding "does not limit the efficacy of a final order entered under authority of § 73 [now § 2–1402]." *Id.* 203 N.E.2d at 780.

The last sentence of § 1402(d)(2) states that injunction orders terminate upon the termination of the citation proceeding unless the court orders otherwise. The court did not order otherwise in this case. Had the order been a "final" order, i.e., one that directed the payment of money, that order would have survived the termination. (See § 277(f)(2) *supra*, note 4.) The Court finds and concludes that the July 16, 1986, order was not a "final order" within the rationale of the *Celano* decision, nor was it an order to pay money.

In *Hotpoint v. Granite City Furniture, Inc.*, 76 Ill.App.3d 1037, 32 Ill.Dec. 409, 395 N.E.2d 639 (5th Dist., 1979), the court stated that:

[a]n injunction order under this section is not permanent in nature but expires no later than the termination of the supplementary proceeding. Under subsection (f) of Supreme Court Rule 277, such a proceeding terminates automatically from the date of a respondent's first personal appearance unless the court, in its discretion, grants an extension. Although we find no case law interpreting the purpose or nature of an injunction

nates automatically 6 months from the date of (1) the respondent's first personal appearance pursuant to the citation or (2) the respondent's first personal appearance pursuant to subsequent process issued to enforce the citation, whichever is sooner. The court may, however, grant extensions beyond the 6 months, as justice may require. *Orders for the payment of money continue in effect notwithstanding the termination of the proceedings until the judgment is satisfied or the court orders otherwise.* (emphasis added)

¶ 2–1402(d)(1), (2), Ill.Ann.Stat., Ch. 110 (Supplementary proceedings) provides in pertinent part:

(d)(1) The citation may prohibit the party to whom it is directed from making or allowing any transfer or other disposition of, or interfer-

ing with, any property ... belonging to the judgment debtor ... until the further order of the court or the termination of the proceeding, whichever occurs first.

(2) The court may enjoin any person, whether or not a party to the supplementary proceeding, from making or allowing any transfer or other disposition of, or interference with, the property of the judgment debtor, or the property or debt concerning which any person is required to attend and be examined until further direction in the premises. *The injunction order shall remain in effect until vacated by the court or until the proceeding is terminated, whichever first occurs.* (emphasis added)

5. *See* Note 1, *supra*.

under section 73 [now ¶ 2–1402], · it is clear that subsection 4(b) [now subsection (d) ] was enacted to maintain the status quo of the parties and to prevent any fraudulent transfer or concealment of nonexempt property while a creditor discovers the assets and income of the judgment debtor. In essence, this subsection provides for a negative restraining order or preliminary injunction.

32 Ill.Dec. at 411, 395 N.E.2d at 641. This language in *Hotpoint* is applicable here as it is clear that the state court order did no more than maintain the status quo.

*Hotpoint* supports the proposition that injunction orders terminate upon the termination of the citation proceeding. The plain meaning of the language in the statute would also justify this result. Therefore, this Court concludes that the restraining order issued by the state court on July 16, 1986, terminated upon termination of the citation proceeding.

### B. Termination of the Lien.

■ Although numerous cases have decided the issue of whether a lien is created by a citation to discover assets, there is scant case law on the subject of when, or if, such liens terminate. The authority that does exist, however, supports the proposition that a lien created by a citation to discover assets terminates if the creditor fails to accomplish collection within six months. *See King v. Ionization Intern., Inc.*, 825 F.2d 1180 (7th Cir.1987). The reason for the six-month limitation is to force judgment creditors to move promptly to collect judgments so that property will not remain encumbered by liens indefinitely. *Id.*

While a citation proceeding does create a lien on intangible property, the lien terminates with the termination of the citation proceeding. In *King,* the Seventh Circuit Court of Appeals stated that:

[a] citation proceeding is apparently the only way to levy judgment in Illinois against a judgment debtor's intangible assets … *Asher v. United States,* 436 F.Supp. 22 (N.D.Ill.1976). If collection is not accomplished within six months, the

citation proceeding terminates unless it has been extended.… The reason for the six-month limitation is to force judgment creditors to move promptly to collect their judgments, so that property does not remain encumbered by liens indefinitely, making it hard to sell; the rights of third parties might be impaired. *See Celano v. Frederick,* 54 Ill.App.2d 393, 403, 203 N.E.2d 774, 780 (1964); *National Bank of Albany Park v. Newberg,* 7 Ill.App.3d 859, 864–65, 289 N.E.2d 197, 201 (1972). This reason is undermined if the lien created by the judgment lasts the full period of the statute of limitations for suits on a judgment, even if the judgment creditor has quit trying to collect it.

825 F.2d at 1187–88. The Court notes that the case law prior to *King* is silent on the issue of whether a lien created by a citation to discover assets terminates, as would an injunction, upon the termination of the citation proceeding. But the reasoning in *King* is unassailable. If a creditor fails to accomplish collection within the six-month period provided by the statute, the lien terminates. To hold otherwise would needlessly reward inaction by creditors and unnecessarily encumber property.

Since "it is clear that subsection 4(b) [now subsection (d) ] was enacted to maintain the status quo of the parties and to prevent any fraudulent transfer or concealment of nonexempt property while a creditor discovers the assets and income of the judgment debtor," (*Hotpoint,* 395 N.E.2d at 641.), and "[t]he reason for the six-month limitation is to force judgment creditors to move promptly to collect their judgments, so that property does not remain encumbered by liens indefinitely," (*King,* 825 F.2d at 1187 (citations omitted)), this Court concludes that the lien created by the citation to discover assets is a temporary remedy which terminates upon termination of the citation proceeding.

### CONCLUSION

A citation to discover assets creates a lien upon the discovered assets. This is so because the citation procedure is designed

to aid the judgment creditor in discovering a debtor's assets and apply them in satisfaction of the judgment. Thus, Northern acquired a lien upon the debtor's interest in Trust No. 1997 by filing the citation to discover assets against the debtors and Ford City.

Northern's lien terminated, however, upon the termination of the citation proceeding because Northern failed to accomplish collection within the six-month limitation imposed by the statute. The determination that Northern's lien, as well the restraining order issued by the state court on July 16, 1986, terminated after six months is warranted because neither the restraining order nor the lien constituted a final order or an order for the payment of money. Therefore, the lien and the restraining order terminated upon termination of the citation proceeding.

ACCORDINGLY, IT IS ORDERED that the Trustee's objection to the lien claim of the Northern Trust Company be and is hereby sustained.