In re Nick **BARONE**, Debtor.

**BURDITT & RADZIUS, CHARTERED,**
Appellant,

v.

David R. **BROWN**, Trustee, Appellee.

No. 95 C 1033.

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 8, 1995.

---

of defendant-secured creditor Citibank, F.S.B. ("Citibank"). The bankruptcy court ruled that Citibank's liens against certain parcels of property were superior to the purported liens of any other defendants-creditors. For the following reasons, the bankruptcy court's order is affirmed.

## BACKGROUND

Burditt is an unsecured creditor of the debtor in bankruptcy, Nick Barone ("debtor"). Citibank is the holder of two judgments against the debtor as a result of foreclosure actions in Cook County and DuPage County. Citibank filed citations to discover assets against Citibank, F.S.B., successor by merger to Brookfield Bank for Savings, as Trustee under Trust Agreement dated July 1, 1989, and known as Trust No. 338 (the "trust"). Citibank filed its citation with regard to the DuPage County foreclosre on June 28, 1993, and on August 17, 1993, with regard to the Cook County foreclosure. The citation defendant did not appear for either citation.

On March 3, 1994, the debtor filed bankruptcy. On July 5, 1993, the bankruptcy trustee, David Brown ("Brown") filed an adversary proceeding seeking to sell the property held by the trust and to determine the priority of the liens asserted by Citibank. Only Burditt and Grant Park Sausage Company ("Grant Park") responded to Citibank's motion for summary judgment. On January 5, 1995, the bankruptcy court held that the service of a citation to discover assets on the land trustee created a lien on the beneficial interest of the land trust. The bankruptcy court also held that Supreme Court Rule 277(f) provides for termination of a citation lien six months from the date of first appearance by the person upon whom the citation is served, and that there is no automatic termination of the citation lien unless the citation respondent appears.

Constantine D. Kasson, Burditt & Radzius, Chicago, IL, for appellant.

## OPINION AND ORDER

NORGLE, District Judge:

Before the court is the appeal of Burditt & Radzius, Charted ("Burditt") from the bankruptcy court's order of January 11, 1995, granting the motion for summary judgment

## DISCUSSION

The court reviews the bankruptcy court's findings of fact on a clearly erroneous basis and reviews its conclusions of law de novo. In re Salzer, 52 F.3d 708, 711 (7th Cir.1995).

Burditt appeals arguing that service of a citation to discover assets on trustee does not create a lien against the beneficial interest of a trust because of the 1993 amendment to the Illinois supplemental proceedings statute, 735 ILCS 5/2–1402. Burditt also adopts on appeal Grant Park's argument made before the bankruptcy court that the citation lien had automatically terminated by operation of Supreme Court Rule 277(f) ("Rule 277(f)").

The Illinois supplementary proceeding statute states in part that:

(1) The judgment or balance due on the judgment becomes a lien when a citation is served in accordance with subsection (a) of this Section. The lien binds nonexempt personal property, including money, choses in action, and effects of the judgment debtor as follows:

\* \* \* \* \* \*

(2) When the citation is directed against a third party, upon all personal property belonging to the judgment debtor in the possession or control of the third party or which thereafter may be acquired or come due the judgment debtor and comes into possession or control of the third party to the time of the disposition of the citation.

\* \* \* \* \* \*

This Amendatory Act of 1993 is a declaration of existing law. 735 ILCS 5/2–1402.

Prior to the amendment, the federal and Illinois courts were split on whether a judgment became a lien against the personal property of the debtor upon service of the citation to discover assets or not until the entry of a turnover order. *Bloink v. Olson,* 265 Ill.App.3d 711, 202 Ill.Dec. 760, 763, 638 N.E.2d 406, 409 (1994). Clearly, the purpose of the amendment was to clarify the law in the area and definitively establish that a lien is created upon service of the citation. The result is that, in the case of bankruptcy, the judgment creditor receives a priority over the trustee in any bankruptcy filed subsequent to the service of citation. Additionally, prior to the amendment, the cases held that citation proceedings against a trustee created a lien against the beneficial interest of the trust. *In re Fowler,* 90 B.R. 375, 377 (Bkrtcy.N.D.Ill.1988); *In re Gus Hormovitis & George Karahalios,* 57 B.R. 471, 475 (Bkrtcy.N.D.Ill.1985); *In re Marriage of Mostow,* 126 Ill.App.3d 67, 81 Ill.Dec. 490, 492, 466 N.E.2d 1292, 1294 (1984); *Mid–West National Bank of Lake Forest v. Metcoff,* 23 Ill.App.3d 607, 319 N.E.2d 336, 340–41 (1974).

■ Burditt's asserts the language of the amendment stating that "upon all personal property belonging to the judgment debtor in the possession or control of the third party" changed the above existing law. Founding Burditt's assertion is the legal principle that the beneficial interest of a land trust is personal property which is not in the possession or control of the trustee. Burditt's recitation of trust law is correct as far as it goes. The owner of a beneficial interest in a land trust is given four powers: (1) to possess, manage and physically control the real estate; (2) to receive the income generated by the property; (3) to direct the trustee in dealing with title to the real estate; and (4) to receive the proceeds from the sale of the property made pursuant to the power of direction. *In re Estate of Crooks,* 266 Ill.App.3d 715, 202 Ill.Dec. 861, 865, 638 N.E.2d 729, 733 (1994).

■ However, the trustee retains legal and equitable title to the property and has the power to makes deeds and convey property out of the trust at the direction of the beneficiary. *Id.* And, notwithstanding the beneficiary's retention of the limited power above, the trustee of a standard land trust retains sufficient control over the beneficial interest to direct its sale or transfer upon an order of the court. Thus, the trustee is in control of the beneficial interest within the meaning of the supplementary proceedings statute, 735 ILCS 5/2–1402.

■ On appeal, Burditt adopts the argument made by Grant Park below that the citation had automatically terminated by operation of Rule 277(f). Putting aside Burditt's potential waiver of the argument by failing to adopt it below, the court finds the argument meritless. The Rule states that a citation proceeding:

[C]ontinues until terminated by motion of the judgment creditor, order of the court, or satisfaction of the judgment, but termi-

nates automatically 6 months from the date of (1) the respondent's first personal appearance pursuant to the citation or (2) the respondent's first personal appearance pursuant to subsequent process issued to enforce the citation, whichever is sooner. (*Ill.S.Ct.R.* 277(f)). The plain language of the statute indicates that the proceeding only terminates automatically six months after the personal appearance of the respondent. Burditt's reliance on *dicta* in *King v. Ionization Int'l, Inc.*, 825 F.2d 1180, 1188 (7th Cir.1987) is misplaced. Nothing in the *King* court's discussion indicates that the citation respondent failed to appear for the citation. In this case, the citation respondent did not appear for either of the scheduled citations. Therefore, the citation proceedings did not terminate automatically.

## CONCLUSION

For the reasons stated above, the bankruptcy court's order is affirmed.

IT IS SO ORDERED.